803 F.2d 723
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES EDWARD WILLIAMS, Plaintiff-Appellant
v.
BILL HARBER, P.A., CINDY JOHNSON MADRID, M.T.; AND JOHNNY
SYLVESTER, CO-1, Defendants-Appellees.
 No. 85-5868.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1986.
 
 1
 BEFORE: MARTIN, GUY and NORRIS, Circuit Judges
 
 ORDER
 
 2
 The appellant is appealing the order dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983 against correctional officer, Johnny Sylvester, physician's assistant, Bill Harber and nurse, Cindy Johnson Madrid. The appellant, James Edwards Williams, seeks one million dollars for intentional infliction of mental and physical stress, and $200,000 in general damages and for attorney's fees. He also seeks a permanent injunction against appellees to prohibit their alleged indifference to his medical needs. The appellant is incarcerated at Fort Pillow State Prison in Tennessee.
 
 
 3
 The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs, documents filed on appeal, and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 The appellant alleges that the appellee, Johnny Sylvester, refused to allow him entry into the prison hospital for a period of thirty minutes and ordered Williams to leave after he had a dispute with a nurse. The appellee filed a motion to dismiss and a motion for summary judgment with an attached affidavit. The appellee states that he followed the procedures of Fort Pillow State Prison which allow only three persons to be treated at the prison hospital at any one time. He denied the appellant access to the hospital because three persons were already in the hospital. In addition, the appellee states that a prisoner must carry a pass with him at all times and that the appellant refused to show such pass upon entry to the hospital. The nurse, Cindy Johnson Madrid, determined that the appellant was not on the medication he requested and asked him to leave. When the appellant refused, Sylvester ordered him to do so. The district court determined that there was no material dispute as to Officer Sylvester's right to see the pass and granted the motion for summary judgment filed by Sylvester.
 
 
 5
 Cindy Johnson Madrid, a former nurse at Fort Pillow, did not answer the complaint and the clerk entered a default judgment against her. The district court set aside the default judgment and dismissed the complaint against Ms. Madrid for failure to state a claim and because it was frivolous. The court stated that there was a dispute as to medication between Williams and Madrid, but no deliberate indifference to Williams' medical needs.
 
 
 6
 The appellant also alleges that the appellee, Bill Harber, a physician's assistant, took him off a special doctor-prescribed diet for high blood pressure and heart trouble. The appellee filed a motion to dismiss or for summary judgment with an attached affidavit and medical records. He admitted that an unnamed doctor had prescribed a low-cholesterol diet for the appellant. However, the policy at Fort Pillow is to follow a diet order for only thirty (30) days. The appellee states that he continued the diet for an additional three months, checked the appellant's blood pressure, cholesterol and triglyceride levels, and determined that he could be taken off the diet. The district court found that the appellant failed to state a claim against Harber and granted his motion to dismiss.
 
 
 7
 Estelle v. Gamble, 429 U.S. 97, 104 (1976), reh'g denied, 429 U.S. 1066 (1977) held that the Eighth Amendment proscribes "deliberate indifference to the serious medical needs of prisoners." The appellant has not proven any "deliberate indifference". The Supreme Court recently held that "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." Whitley v. Albers, 106 S.Ct. 1078, 1084 (1986). The appellant's allgations do not rise to the level of an Albers claim and thus do not constitute a violation of his rights under the Eighth Amendment. We therefore affirm the decision of the district court.
 
 
 8
 The appellant filed a Reply to Sylvester's and Harber's motions to dismiss and for summary judgment. He alleges that there was only one prisoner in the hospital. However, he does admit that he previously had infirmary passes for medication, but the security officer did not ask to see them. Thus, even though there is a dispute as to the number of people in the hospital on the morning in question, the district court properly granted the motion for summary judgment. Officer Sylvester had the right to ask to see the appellant's pass.
 
 
 9
 The appellant's affidavit states that he was placed on his diet long before Harber took his position at the prison. He does not mention any other facts in relation to his diet. When reviewing a dismissal on the pleadings all allegations in the complaint are taken as true. Westlake v. Lucas, 537 F.2d 857, 858 (6th cir. 1976). Harber's affidavit chronicles his course of treatment for the appellant. The appellant and Mr. Harber had a disagreement as to the course of treatment. This does not rise to the level of an Eighth Amendment violation. Id. at 860.
 
 
 10
 The appellant also alleges that the district court denied its discretion by setting aside the default judgment against the appellee, Cindy Johnson Madrid, and dismissing the complaint as to her because it failed to state a claim and was frivolous. Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default. . . ."
 
 
 11
 The standard for setting aside a default entry is as follows:
 
 
 12
 1. Whether the plaintiff will be prejudiced;
 
 
 13
 2. Whether the defendant has a meritorious defense; and
 
 
 14
 3. Whether culpable conduct of the defendant led to the default.
 
 
 15
 United Coin Meter v. Seaboard Coastline Railroad, 705 F.2d 839, 845 (6th Cir. 1983). See also Farnese v. Bagnasco, 687 F.2d 761, 764 (3rd Cir. 1982). Doubts should be resolved in favor of setting aside the default and obtaining a decision on the merits. Id.
 
 
 16
 The appellant was not prejudiced by setting aside the default judgment and the appellee has the meritorious defense of failure to state a claim. While the appellee failed to answer the complaint, the judge chose to decide the cause on the merits. The affidavit filed by Johnny Sylvester indicates a dispute as to the medication to which the appellant was entitled, but shows no deliberate indifference by Ms. Madrid.
 
 
 17
 It appears that the issues on which this case depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Accordingly, it is ORDERED that the final judgment of the district court be affirmed.