840 F.2d 16
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnnie F. FLOURNOY, Jr. Plaintiff-Appellant,
v.
Sgt. Earl KELLY and Ronald C. Marshall, Defendants-Appellees.
 Nos. 87-3135, 87-3172.
 United States Court of Appeals, Sixth Circuit.
 Feb. 18, 1988.
 
 Before MERRITT and RYAN, Circuit Judges and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Johnnie Flournoy, Jr., an Ohio inmate, makes a pro se appeal from a jury verdict awarding him no damages in this action under 42 U.S.C. Sec. 1983. Defendant Earl Kelly, a prison official, cross-appeals a default judgment entered against him on the issue of liability. The issues are: (1) whether the district court abused its discretion in entering a default judgment against Kelly, and (2) whether the evidence supports the jury's verdict of no damages and the court's denial of injunctive relief. We conclude that the district court acted within its discretion in entering the default judgment and that Flournoy's assignments of error are without merit.
 
 
 2
 On January 21, 1983, Flournoy filed a Sec. 1983 complaint in district court claiming that prison officials, working under the supervision of defendant Kelly, had deliberately opened his incoming "legal mail" on five occasions between June, 1982 and December, 1982. Although Flournoy claimed the alleged openings violated his "constitutional rights," he did not specifically identify his protected interest. Presumably, Flournoy's complaint is premised upon a due process claim that prison officials opened his legal mail outside of his presence in violation of Ohio Administrative Code Sec. 5120-9-17(B). The matter was referred to a magistrate.
 
 
 3
 The magistrate ordered all parties to file narrative statements, Flournoy by May 15, 1983, and defendant by June 15, 1983. Flournoy filed his statement on May 13, 1983. Defendants filed no statement at all and on July 20, 1984, Flournoy moved for a default judgment. On September 12, 1984, the magistrate ordered defendants to show cause why the court should not grant a default judgment. Defendants again made no responsive filing. On January 7, 1985, the magistrate again ordered defendants to show cause, and on January 11, 1985, defendants finally responded. The magistrate thereafter recommended that the district court not enter a default judgment. The court sustained Flournoy's objection to the report and entered a default judgment on the issue of liability. The court concluded that defendants' representative, the Ohio Attorney General's Office, had failed to adequately explain its procedural shortcomings.
 
 
 4
 The case proceeded to trial on the issues of damages and injunctive relief. Counsel was appointed to represent Flournoy and he offered into evidence copies of two grievance forms and copies of the two opened envelopes which formed the bases of the grievances, the grievance dispositions, and a copy of a third opened envelope which Flournoy apparently did not protest. The Inspector of Institutional Services stated in his response to Flournoy's first grievance that:
 
 
 5
 It would appear that your complaint does have merit. Your letter was opened in the mail office by mistake ... the mail office personnel has (sic) been instructed to watch the mail more closely to ensure that legal mail is opened in the presence of the inmate.
 
 
 6
 Similarly, the Inspector's disposition of Flournoy's second grievance stated:
 
 
 7
 On the front of the letter it was marked "opened by mistake." Hopefully your legal mail will not be opened in the future; however, I know of no way to guarantee against human error.
 
 
 8
 The third opened envelope was annotated "opened by mistake" on its face.
 
 
 9
 Based upon this evidence and the testimony of Flournoy and two other inmates, the jury returned a verdict of no damages. The court denied Flournoy's claim for a permanent injunction enjoining the defendants from intentionally opening his legal mail outside of his presence. In its written order, the court concluded that Flournoy's legal mail had been opened inadvertently on only four occasions in four years and that Flournoy had failed to show that his rights would "suffer irreparable harm in the absence of equitable relief."
 
 
 10
 Flournoy now appeals the jury's verdict and defendant Kelly cross-appeals the court's entry of a default judgment[1]. Flournoy claims that the facts produced at trial warrant an award of damages, that his counsel was inadequately prepared, and that the court improperly instructed the jury. The defendant claims that the court's entry of a default judgment was unwarranted.
 
 
 11
 This court recently considered the standard of review in cases involving default judgments awarded under Fed.R.Civ.P. 60(b) as opposed to defaults awarded under Fed.R.Civ.P. 55(c) (which are not merged into final judgments). Investment Financial Group, Inc. v. Chem-Nuclear Systems, Inc., 815 F.2d 391 (6th Cir.1987). Both rules empower a federal court to set aside a default or default judgment in its discretion, however:
 
 
 12
 [a] default can be set aside under Rule 55(c) for "good cause shown," but a default that has become final as a judgment can be set aside only under the stricter Rule 60(b) standards for set aside final, appealable orders.
 
 
 13
 Id. at 398 (quoting, Jackson v. Beech, 636 F.2d 831, 835 (D.C.Cir.1980) (emphasis in original)). The court went on to reiterate the three factors which determine the outcome of a motion to vacate a default judgment. Construing all ambiguous or disputed facts in the light most favorable to the defendant, the court must inquire as to:
 
 
 14
 [w]hether the plaintiff will be prejudiced;
 
 
 15
 [w]hether defendant has a meritorious defense; and
 
 
 16
 [w]hether culpable conduct of the defendant led to the default.
 
 
 17
 Id. (quoting, United Coin Meter Co. v. Seaboard Coastline Railroad, 705 F.2d 839, 845 (6th Cir.1983)).
 
 
 18
 It is clear that defendant in this case did not file his narrative statement by the court's June 15, 1983 deadline. Further, defendant made no filing until 19 months after the original court imposed deadline. Defendant completely ignored the court's September 12, 1985 order to show cause, and eventually responded to the court's January 7, 1985 order to show cause on January 11, 1985. The court specifically found that defendant's exculpatory explanations were insufficient to set the judgment aside.[2] Further, although the default effectively circumscribed defendant's ability to argue that he was not in charge of mailroom supervision, he suffered no prejudice because he retained his right to argue at trial that Flournoy had suffered no compensable damages. Although the court made no finding that Flournoy would be prejudiced if it vacated the default judgment, the aforementioned factors alone adequately support the conclusion that the court did not abuse its discretion.
 
 
 19
 We turn now to Flournoy's claims that the evidence adduced at trial does not support either the jury's award of no damages or the court's denial of injunctive relief. The sparse record provided for appellate review contains no transcript excerpts. However, the court's finding that the defendant and the SOCF mailroom personnel inadvertently, and not intentionally, opened Flournoy's legal mail, is adequately supported by the copies of Flournoy's grievance dispositions and the opened envelopes themselves. Relief cannot be granted in a Sec. 1983 due process action predicated on prison officials' mistakes or errors. Davidson v. Cannon, 88 L.Ed.2d 677, 682-83 (1986). Accord Daniels v. Williams, 88 L.Ed.2d 662, 668-69 (1986). The appellate record shows that Flournoy has failed to demonstrate that his rights are being intentionally violated by Sgt. Kelly or that he will suffer irreparable harm in the absence of equitable relief. This same evidence also justifies the jury's verdict that Flournoy suffered no compensable damages by receiving four inadvertently opened legal mailings in a four-year span.
 
 
 20
 Flournoy also claims that the court erroneously delivered an "Allen charge" to the jury and that he received ineffective assistance of counsel. There is no evidence provided in the appellate record to support either claim. Flournoy's pro se brief form specifically advises him that he must make a request for a government-funded transcript. No request was made and no relevant transcript portions have been provided for appellate review as required by Fed.R.App.P. 10 and Sixth Circuit Local Rule 13. Rule 13 provides that:
 
 
 21
 [f]ailure timely to order transcript or to inform the court that transcript is unnecessary may result in dismissal of the case.
 
 
 22
 In a separate action brought by Flournoy, the district court for the Southern District of Ohio imposed Rule 11 sanctions on Flournoy and noted:
 
 
 23
 Although the pleadings of prisoners are held to a less stringent standard than the formal pleadings of counsel, Westlake v. Lucas, 537 F.2d 857 (6th Cir.1976), we are very aware that plaintiff is a frequent litigant in this Court and possesses substantial skills in presenting Sec. 1983 claims for review.
 
 
 24
 Flournoy v. Ceiter, Case No. C-1-84-957 (S.D.Ohio 1987). We therefore conclude that despite Flournoy's pro se status, a dismissal of his claims of erroneous jury instructions and ineffective assistance of counsel is warranted.
 
 
 25
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Defendant Marshall died in 1985 and a Suggestion of Death was filed on September 16, 1986. The case has proceeded since that time with Sgt. Kelly as the sole defendant
 
 
 [2]
 The Attorney General's Office claims that the attorney assigned to the case had become ill. However, the court specifically found that "counsel's chronical of illness begins in February 1984, well after the June 1983 deadline originally imposed."