Robert Anthony REED III et al.,
Plaintiffs-Appellees,

v.

James RHODES et al., Defendants,

and

Cleveland Board of Education,
Defendant-Appellant.

No. 80–3574.

United States Court of Appeals,
Sixth Circuit.

Feb. 19, 1981.

George I. Meisel, Squire, Sanders & Dempsey, William Baughman, John Busta-

mante, Bustamante, Donohoe, Palmisano & Co., Cleveland, Ohio, for defendant-appellant.

James L. Hardiman, Cleveland, Ohio, Thomas I. Atkins, Gen. Counsel, NAACP Sp. Contribution Fund, New York City, for plaintiffs-appellees.

Before EDWARDS, Chief Judge, and LIVELY and ENGEL, Circuit Judges.

## ORDER

The defendant-appellant has filed a motion for rehearing and clarification directed to this court's per curiam opinion filed December 8, 1980, 635 F.2d 556. In that opinion we reversed the judgment of the district court of August 6, 1980 holding the "Cleveland Defendants" in civil contempt and discharged a show cause order. We further affirmed that portion of the district court judgment of August 6, 1980 which directed the Cleveland Board of Education to appoint an Administrator of Desegregation; however, we ordered stricken from the district court Memorandum of July 25, 1980 the last sentence of paragraph 6 thereof. With its motion for rehearing and clarification the Cleveland Board of Education has filed portions of a transcript of proceedings before Chief Judge Battisti on December 18, 1980. During those proceedings, Judge Battisti interpreted this court's opinion as "saying for all practical purposes, this Court [the district court] imposed a receivership on what was found to be a recalcitrant, incompetently operated system." The District Judge further stated that the Administrator had replaced the School Board with respect to all desegregation-related matters and that actions of the Desegregation Administrator, "including his entering into contracts on behalf of the school district and directing the treasurer to spend money necessary for compliance with those contracts, or for that matter directing the treasurer not to spend money which the Board has directed to be spent, are not subject to review by the Board when the administrator is acting in furtherance of this Court's remedial orders."

The petition for rehearing is granted. Upon further consideration this court concludes that all of paragraph 6 should be stricken from the district court Memorandum of July 25, 1980 rather than just the final sentence thereof. This court did not approve a receivership for the Cleveland School System. The Cleveland Board of Education remains the duly elected governing body of the Cleveland School System with responsibilities and obligations imposed upon it by the laws of Ohio. Though we approved the appointment of an Administrator of Desegregation with broad authority to implement specified remedial orders of the district court, we did not purport to remove or displace the Cleveland Board of Education. The Board continues to have ultimate responsibility for the affairs of the Cleveland School System, except as to issues directly affecting desegregation. Where conflict develops over a desegregation issue between the Board and the Administrator, that conflict, perhaps unfortunately, must be resolved by the federal courts. We conclude that the provisions of paragraph 6 of the district court Memorandum of July 25, 1980 are apparently subject to misconstruction, and they are therefore stricken from that Memorandum.

We reiterate our statement in the per curiam opinion of December 8, 1980, "It is to be expected that cooperation between the Cleveland defendants and the Administrator of Desegregation will be such as to bring the goals of the remedial order to early fruition." Cooperation rather than confrontation is the only feasible means of solving problems of the Cleveland School System.

This court's per curiam opinion of December 8, 1980 is modified by directing that the entire paragraph 6 of the July 25, 1980 Memorandum Opinion and Order of the district court be stricken.