In re SALEM MORTGAGE COMPANY, Fidelity Fund, Inc., Fidelity Securities Corp., Nationwide Mortgage Company, Debtors.

Penny MILLER,
Plaintiff/Counter-Defendant
and Appellant,

v.

John A. OWSIANOWSKI, Ona Francis Benton, Clare W. Terrill, Virginia V. Terrill, Phyllis J. Smith, William Bugher and Dawn Bugher, Defendants,

and

Salem Mortgage Company and Thomas J. Barrow, Trustee for Salem Mortgage Company, Defendants/Counter-Plaintiffs and Appellees.

No. 85–1329.

United States Court of Appeals, Sixth Circuit.

Argued March 7, 1986.

Decided May 27, 1986.

Paul H. Steinberg (argued), Goldstein, Goldstein and Bershad, Southfield, Mich.,

for plaintiff/counter-defendant and appellant.

Francis C. Flood, Kemp, Klein, Endelman & Beer, P.C., Birmingham, Mich., Wright Blake (argued), for defendants/counter-plaintiffs and appellees.

Before MERRITT and WELLFORD, Circuit Judges and PECK, Senior Circuit Judge.

JOHN W. PECK, Senior Circuit Judge.

Salem Mortgage Company ("Salem") filed a petition for relief under Chapter 11 of the Bankruptcy Code on March 31, 1983 in the Eastern District of Michigan. Penny Miller is a member of the "mortgage investor" class of Salem's creditors. According to the stipulation of facts filed in the bankruptcy court by the parties to this appeal, Miller invested $25,000.00 in Salem on November 3, 1980 and was given a promissory note payable in May 1983. In February 1983, Salem gave Miller a check for $25,-000.00 which represented the return on her investment. Miller then reinvested the $25,000.00 together with an additional check for $20,766.29. In consideration of the $45,766.29 investment, Salem assigned several mortgages to Miller on February 14 and 15, 1983. Salem also had assigned a land contract to Miller in September 1982. In addition to the assignments of mortgage, Miller received mortgage notes relating to the mortgages, executed by each of the mortgagors in the face values of their respective mortgages.

After Salem filed its Chapter 11 petition, Miller initiated this adversary action seeking to obtain relief from the automatic stay, for turnover of post-petition payments, for determination of trustee's interest, and for direct payments. The trustee brought a counter-complaint against Miller. On November 25, 1983, the bankruptcy court entered a partial judgment which held that, with one exception, the mortgages, mortgage notes and land contract transferred to Miller constituted preferential transfers and that Salem was entitled to recover and Miller was ordered to reassign the mortgages and land contract to Salem. The only exception was the February 15, 1983 Assignment of Mortgage given by John A. Owsianowski (dated January 28, 1983) to Federation Mortgage Corporation upon which there was owing $20,000.00, an amount roughly approximate to the additional investment of $20,766.29 by Miller. In its order of partial judgment, the bankruptcy court stated that it would try the remaining issue of whether the Owsianowski mortgage constituted a preferential transfer.

In preparation for trial of the remaining issue, Miller's counsel drafted proposed stipulated facts and sent them to Salem's counsel, who made some changes and returned to Miller's counsel the revised stipulated facts, including a copy in which the changes were highlighted. On September 26, 1984, Miller's counsel filed the Stipulation of Facts and his brief in the bankruptcy court. The Stipulation of Facts stated in the final paragraph:

> The only issue remaining in dispute between the parties is whether the assignment of the Owsianowski mortgage, described in Paragraph 4(a) of this Stipulation, falls under the exception to the Trustee's avoidance powers found in § 547(c)(2) of the Bankruptcy Code, and is therefore not preferential. Miller contends that it does; the Trustee for Salem contends that it does not.

In the first version of the stipulated facts proposed by Miller, she had not designed any specific subsection of 11 U.S.C. § 547, but had stated that the issue was whether the assignment of the Owsianowski mortgage was a "preferential transfer which the trustee must avoid under 11 U.S.C. § 547." The brief filed by Miller on the same date as the filing of the Stipulation of Facts addressed defenses under § 547(c)(1) and (4); the brief did not address the applicability of § 547(c)(2).[1] On September 27,

---

1. 11 U.S.C. § 547 provides in part:

(c) The trustee may not avoid under this section a transfer—

1984, the trustee for Salem filed his brief, which addressed only § 547(c)(2). Counsel for the trustee appeared in court on that date to advise the court that the parties agreed to have the matter decided upon briefs.

On October 12, 1984, Miller's counsel became aware, through a conversation with the trustee's counsel, that he had briefed issues other than the one issue in the Stipulation of Facts.[2] On October 15, 1984, Miller's counsel requested the trustee to agree to an amendment of the stipulated issue to include the defenses under § 547(c)(1) and (4). Before Miller was advised of the trustee's response, the bankruptcy court issued a memorandum opinion and order on October 16, 1984, addressing the stipulated issue presented under § 547(c)(2) and finding in favor of the trustee.

Miller sought relief from the October 16, 1984 order of the bankruptcy court by bringing a Fed.R.Civ.P. 60 motion for relief from the final order due to mistake, inadvertence, surprise, excusable neglect and other reasons, or, in the alternative, a Fed.R.Civ.P. 59 motion for a new trial or hearing to alter or amend the court's order. Miller simultaneously filed an appeal of the order in the district court. On January 21, 1985, the bankruptcy court denied the motion for relief, and Miller also appealed from that order. On April 9, 1985, the district court entered an order affirming both the October 16, 1984 and January 25, 1985 orders of the bankruptcy court. Miller appeals, seeking a remand to the bankruptcy court for the consideration of defenses under § 547(c)(1) and (4).

Rule 60 of the Federal Rules of Civil Procedure provides in part:

> (b) On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
>
> (1) Mistake, inadvertence, surprise, or excusable neglect; ... or
>
> (6) any other reason justifying relief from the operation of the judgment.

Bankruptcy Rule 9024 makes Fed.R.Civ.P. 60 applicable to cases under the Bankruptcy Code, with certain exceptions not relevant here.

Miller contends that the bankruptcy court abused its discretion in denying her motion for relief. It is Miller's position that the bankruptcy court had three issues before it; one from the Stipulation of Facts and two addressed in her brief. She submits that it is obvious from the fact that the Stipulation of Facts and her brief were filed concurrently that her attorney made a mistake in signing the Stipulation of Facts limiting her defense to § 547(c)(2).

Next, Miller asserts that the bankruptcy court denied the motion for relief based upon a misunderstanding of the facts. At the hearing of the motion, the bankruptcy judge stated:

> If this case had gone to trial as it was scheduled with live testimony, with witnesses, exhibits and findings of fact and conclusions of law and a decision had

(1) to the extent that such transfer was—
(A) intended by the debtor and the creditor to or for whose benefits such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
(B) in fact a substantially contemporaneous exchange;
(2) to the extent that such transfer was—
(A) in payment of a debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee;
(B) made not later than 45 days after such debt was incurred;
(C) made in the ordinary course of business or financial affairs of the debtor and the transferee; and

(D) made according to ordinary business terms; ...
(4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor—
(A) not secured by an otherwise unavoidable security interest, and
(B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor ....

2. Miller claims that she had not received a copy of the brief filed by the trustee on September 27, 1984.

been rendered and then someone, not necessarily counsel present but someone came forth and says [sic]: Oh, wait a minute, now that the case has been tried to a conclusion, I would like to reopen the proofs to assert a defense that I did not present at the time of trial, that motion would be denied.

And I don't see what happened here is any different than that because what happened here was a proposed and then accepted stipulation of facts to take the place of a trial and it was based on that stipulation of facts that the court rendered its decision. Now it is suggested that there is a defense that could have been put in that was not contained in the stipulation for whatever reason.

But for whatever reason, it is not in the record or the case at the time of trial, either by live testimony or as here, by stipulation.

Miller argues that the bankruptcy court's analogy to the situation where a defense is sought to be asserted after trial is inapposite because her counsel had briefed the issues presented under § 547(c)(1) and (4), and this brief was before the court prior to the court's opinion and order of October 16, 1984. Thus, Miller submits, had a trial actually taken place, she would have raised § 547(c)(1) and (4) defenses and presented testimony with respect to those issues.

■ Miller appears to argue that her attorney's mistake or inadvertence provides grounds for relief under Rule 60(b)(1), and the bankruptcy court's misinterpretation of the facts supports relief under Rule 60(b)(6). As this court noted in *Pierce v. United Mine Workers of America Welfare,* 770 F.2d 449, 451 (6th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 890, 88 L.Ed.2d 925 (1986), Rule 60(b)(6) should be used only in exceptional or extraordinary circumstances and "can be used only as a residual clause in cases which are not covered under the first five subsections of Rule 60(b)." Because Miller's claim of in-

advertence or mistake is covered under Rule 60(b)(1), it is therefore not cognizable under Rule 60(b)(6).[3]

■ It is well settled that the granting of a motion to set aside a judgment under Rule 60(b)(1) is a matter addressed to the sound discretion of the trial court, and that determination will not be reversed except for abuse of discretion. The burden is upon the appellant to bring himself within the provisions of Rule 60(b). *Smith v. Kincaid,* 249 F.2d 243, 244 (6th Cir.1957). Miller asserts that her counsel signed the Stipulation of Facts under the mistaken belief that the defenses of § 547(b) remained available to his client; his limitation of her defenses was, she argues, inadvertent.

■ "Rule 60 was not intended to relieve counsel of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise." *Federal's Inc. v. Edmonton Investment Co.,* 555 F.2d 577, 583 (6th Cir. 1977). Here, we do not have a situation where Miller's counsel made a deliberate choice to rely on one legal theory and, having been unsuccessful, now seeks to be relieved of the consequences of that conscious decision. Rather, the fact that Miller's brief addressed different issues than the one stipulated to indicates that her counsel inadvertently limited her defenses by signing the stipulation without first reviewing the changes made by the trustee's counsel.

In *Blois v. Friday,* 612 F.2d 938, 940 (5th Cir.1980), the Fifth Circuit summarized factors to be considered in addressing a Rule 60(b) motion:

Plaintiff's Rule 60(b) Motion must be equitably and liberally applied to achieve substantial justice. Doubt should be resolved in favor of a judicial decision of the merits of a case, and a technical error or a slight mistake by plaintiff's attorney should not deprive plaintiff of an opportunity to present the true merits

---

**3.** Miller also moved in the alternative under Fed.R.Civ.P. 59 for a new trial or a hearing to alter or amend the court's order, and on appeal

applies her Rule 60(b) arguments to Rule 59 as well. We think that Rule 60(b) rather than Rule 59 is applicable to the facts of this case.

of his claims. The countervailing factors are the defendants' and society's interests in the finality of judgments and the avoidance of prejudice. *Roberts v. Rehoboth Pharmacy, Inc., supra,* 574 F.2d [846] at 847–48 [5th Cir.1978]; *Fackelman v. Bell,* 564 F.2d 734, 735–36 (5th Cir.1977). The plaintiff should not be punished for his attorney's mistake absent a clear record of delay, willful contempt or contumacious conduct. *Hassenflu v. Pyke,* 491 F.2d 1094, 1095 (5th Cir.1974).

Neither the appellate record nor the parties' briefs indicate that substantial prejudice to appellees would result if the bankruptcy court's order were vacated. Miller's Rule 60(b) motion was made without delay; the bankruptcy court's order was entered on October 16, 1984 and she moved for relief on October 22, 1984. Miller has also met the requirement of Rule 60(b) that the party seeking relief demonstrate a meritorious defense. She urges that the defenses of 11 U.S.C. § 547(c)(1) and (4) are applicable. "[I]f any defense relied upon states a defense good at law then a meritorious defense has been advanced." *United Coin Meter v. Seaboard Coastline Railroad,* 705 F.2d 839, 845 (6th Cir.1983).

Accordingly, we hold that the bankruptcy court abused its discretion in denying Miller's motion. In so holding, we do not endorse a liberal application of Rule 60(b) where counsel has failed to carefully review pleadings, motions or other documents filed with the court. The distinguishing factor in the instant case is that the court had before it Miller's brief addressing defenses under § 547(c)(1) and (4), which obviously contradicted the issue set forth in the Stipulation of Facts.

The decision of the district court is reversed with instructions to remand to the bankruptcy court for proceedings consistent with this opinion.

WELLFORD, Circuit Judge, dissenting.

I respectfully dissent. The usual rule in cases concerning Rule 60(b) relief is to impose upon the party seeking relief the burden of showing justification for her oversight, error or omission. I have serious doubts whether plaintiff has satisfied this standard, which has been well expressed in the following fashion:

> ... [A] party cannot have relief under Rule 60(b)(1) merely because he is unhappy with the judgment. Instead he must take some showing of why he was justified in failing to avoid mistake or inadvertence. Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law.

11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2858 at 170 (1973) (citing cases) (footnotes omitted).

The decision of the bankruptcy judge and of the district court well could have gone either way in this case. I can find no abuse of discretion in the action taken, even though it works a hardship on plaintiff, whose counsel erroneously signed a stipulation setting forth the issues in contention and to be considered by the court.