**In re Daryl L. (Lee) SCHLOSSER, Tamara K. (Kay) Schlosser aka Tami Schlosser aka Tami Maurey, Debtors.**

**Bankruptcy No. 2–88–04181.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

May 24, 1989.

Robert M. Hoskinson, Columbus, Ohio, for debtors.

Stephen A. Santangelo, Weltman, Weinberg & Associates Co., L.P.A., Columbus, Ohio, for Society Bank.

Frank M. Pees, Worthington, Ohio, Trustee.

Charles M. Caldwell, Office of U.S. Trustee, Columbus, Ohio, Asst. U.S. Trustee.

## OPINION AND ORDER ON MOTION FOR RELIEF FROM ORDER ON OBJECTION TO CLAIM

R. GUY COLE, Jr., Bankruptcy Judge.

This matter is before the Court upon the Motion for Relief from Order on Objection to Claim ("Motion") filed by Society Bank ("Society") in this Chapter 13 case. A memorandum in opposition to Society's Motion has been filed by the debtors. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding which the Court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(B).

Society's Motion seeks vacation of an order entered by this Court on January 26, 1989, which sustained the objection asserted by debtors ("Objection") to the proof of claim filed by Society. Society's proof of claim was based upon a lease agreement executed by and between Society and the debtors with respect to a 1985 Chevrolet Camaro (the "Automobile"). According to debtors' Objection, the lease agreement in question is actually a lease intended as

security. Hence, debtors' Objection recommended the following treatment for Society's claim:

"The claim of Society Bank should be allowed in the amount of $11,166.00 secured by collateral having a value of $8,900.00 with the remainder of Society's claim being allowed as an unsecured claim."

Objection at 1. The Objection also contained the following language:

### NOTICE TO CREDITORS

PLEASE TAKE NOTICE that the Debtor objects to your claim on the grounds stated above and have [sic] recommended that the claim be treated in the manner set forth above. Unless you file a written Opposition and Request for Hearing with this Court and serve upon the Debtor within thirty (30) days of the mailing of this Notice, the Debtor will present an Order to the Court directing distribution on your claim by the Chapter 13 Trustee to be made in accordance with the above recommendation without further notice to creditors or to you.

Objection at 1. The Objection further reflects that it was served upon Society Bank at 34 North Main Street, Dayton, Ohio, 45402. The Objection was sent to the attention of Jill Porter, who signed Society's proof of claim. No responsive pleading was filed in response to debtors' Objection. On January 26, 1989—nearly two and one-half months after debtors' Objection was filed and served upon Society Bank—this Court entered an order sustaining the Objection. On February 17, 1989, Society filed the instant Motion.

Society seeks relief from the Court's order sustaining debtors' Objection pursuant to Federal Rule of Civil Procedure 60(b). This Rule is made applicable in bankruptcy proceedings by Bankruptcy Rule 9024. Rule 60(b) provides in pertinent part as follows:

**Rule 60. Relief from Judgment or Order.**

**(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;....

Here, Society claims that its neglect in filing a timely response to debtors' Objection was excusable for several reasons. First, the Objection was received, Society maintains, during a time period when the bank was in a process of consolidating its operations in Dayton and in Cleveland, Ohio. Pursuant to this consolidation process, accounts serviced in Dayton were to be transferred to Society's Cleveland office. Because the Objection was received in the midst of this consolidation process, Society submits, the Objection did not come to the attention of proper bank personnel until after the order sustaining debtors' Objection was entered by the Court. To further bolster its excusable neglect argument, Society cites the fact that Jill Porter, the employee upon whom the Objection was originally served, left Society's employ at or about the time the aforementioned consolidation between Society's Dayton and Cleveland operations was taking place. Due to the unique circumstances engendered by the consolidation of its operations, Society argues, its neglect should be found to be excusable under Rule 60(b). Debtors vigorously oppose Society's motion, arguing that Society's conduct in this case evinces a reckless disregard for this Court's judicial proceedings.

In its decision in *United Coin Meter v. Seaboard Coastline Railroad*, 705 F.2d 839, 844–846 (6th Cir.1983), the Sixth Circuit addressed the standard which must be applied by a trial court in considering a Rule 60(b) motion:

In considering a motion to set aside entry of a judgment by default a district court must apply Rule 60(b) "equitably and liberally ... to achieve substantial justice." *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir.1980) (per curiam). Judgment by default is a drastic step which should be resorted to only in the most extreme cases. Where default results from an

honest mistake "rather than willful misconduct, carelessness or negligence" there is especial need to apply Rule 60(b) liberally. *Ellingsworth v. Chrysler*, 665 F.2d 180, 185 (7th Cir.1981).

The *Blois* decision, which was cited by the Sixth Circuit with approval in *United Coin Meter*, articulated the various interests which must be counterbalanced in weighing a Rule 60(b) motion:

> Plaintiff's Rule 60(b) Motion must be equitably and liberally applied to achieve substantial justice. Doubt should be resolved in favor of a judicial decision on the merits of a case, and a technical error or a slight mistake by plaintiff's attorney should not deprive plaintiff of an opportunity to present the true merits of his claims. The countervailing factors are defendants' and society's interests in the finality of judgments and the avoidance of prejudice.

*Blois v. Friday*, 612 F.2d 938, 940 (5th Cir.1980). *See also, Miller v. Owsianowski (In re Salem Mortgage Co.)*, 791 F.2d 456, 458–460 (6th Cir.1986).

It is well-settled, that "willful misconduct, carelessness or negligence" does not constitute neglect that is excusable for Rule 60(b) purposes. *United Coin Meter*, 705 F.2d at 845. Further, courts generally hold that it is incumbent upon a party to institute appropriate office procedures to cause pleadings to be brought to the attention of counsel once such pleadings are delivered into the custody and control of the office. Failure to take such steps normally will not constitute excusable neglect. *See, e.g., Greene v. Union Mut. Life Ins. Co.*, 102 F.R.D. 598 (D.Me.1984). At bottom, a determination of whether a party's behavior constitutes willful misconduct, carelessness or negligence, as opposed to an honest mistake, is addressed to the sound discretion of the trial court. Such a determination will not be reversed unless abuse of discretion is shown. *Salem Mortgage Co.*, 791 F.2d at 469.

Applying the foregoing principles to the case at bar, the Court concludes that Society's Motion is well-taken. As the Sixth Circuit has noted, Rule 60(b) must be applied equitably and liberally to achieve substantial justice. Any doubt must be resolved in favor of a decision on the merits of a case. On the other hand, the litigants' and society's interests in finality of judgments and the avoidance of prejudice are factors which weigh against granting a 60(b) motion on the grounds of excusable neglect. The instant Motion presents a very close case. On balance, the Court finds that Society's conduct herein constitutes excusable neglect. Because of the unique circumstances caused by consolidation of Society's Dayton and Cleveland operations during the time period in which the Objection was filed and served, and due to the termination of the employee to whose attention the Objection was directed at or about this same time, Society's neglect in failing to file a timely response to the Objection is excusable. And, contrary to the debtors' contention, Society's conduct does not manifest a reckless disregard for the Court's judicial proceedings.

In sum, based upon the unique and exceptional circumstances presented by this case, the Court finds that Society should be granted relief from the order sustaining debtors' Objection pursuant to Rule 60(b). Given the volume of objections to claims filed in this Court and the vital need for finality in this process, the Court expects Rule 60(b) motions of this kind to meet with success in only rare circumstances. However, for the reasons set forth above, the Court believes this case presents such a rare and exceptional circumstance.

Based upon the foregoing, the Motion for Relief from Order on Objection to Claim of Society Bank is hereby GRANTED. Debtors' Objection to Society Bank's claim is hereby set for hearing on the 18th day of July, 1989, in Courtroom 126, United States Courthouse, 85 Marconi Boulevard, Columbus, Ohio 43215, at 9:30 A.M.

IT IS SO ORDERED.