908 F.2d 972
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David CARLISLE, Plaintiff-Appellant,
v.
CITY OF TOLEDO, Defendant-Appellant.
 No. 89-3850.
 United States Court of Appeals, Sixth Circuit.
 July 17, 1990.
 
 Before KRUPANSKY and ALAN E. NORRIS, Circuit Judges; LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant David Carlisle has appealed an order of the United States District Court for the Northern District of Ohio denying his motion pursuant to Fed.R.Civ.P. 60(b)(1), (2), (3), and (6) to set aside a summary judgment issued in a 42 U.S.C. Sec. 1981 action.
 
 
 2
 Appellant, a former black employee of the Fire Division of the City of Toledo, Ohio (city), brought this section 1981 action alleging wrongful discharge. The complaint charged that appellant was employed by the fire division from July 16, 1982 until his dismissal on November 25, 1986, when he was discharged for racial reasons and that he was subjected to disparate treatment during his tenure of employment. Specifically, appellant asserted that, pursuant to a department rule, he was terminated after he had been late reporting for duty on seven occasions during the course of a year, while white employees were not discharged for similar conduct. On March 7, 1988, the district court granted the city's motion for summary judgment with respect to all of appellant's section 1981 claims and dismissed the action. Judgment was formally entered on March 8, 1988. Appellant filed a timely motion to reconsider pursuant to Fed.R.Civ.P. 59(e), which was denied by the district court on April 7, 1988. The judgment was not appealed. After appellant discharged his original counsel, his newly retained lawyer, on March 6, 1989, filed a motion seeking to set aside the summary judgment entered on March 8, 1988 for several alternative reasons: that appellant's original attorney was guilty of excusable neglect pursuant to Rule 60(b)(1), that new evidence had been discovered pursuant to Rule 60(b)(2), that the appellee had made material misrepresentations to appellant's original attorney pursuant to Rule 60(b)(3), and a statement that Rule 60(b)(6) relief was justified to serve the ends of justice. On August 10, 1989, the motion was denied and an appeal was timely filed.
 
 
 3
 Initially, appellant asserts that his original counsel, Lafayette Tolliver (Tolliver), had filed a motion for the production of documents on February 11, 1988, requesting the city to provide the personnel files and disciplinary records of ten fire division employees, including appellant. The requested documents were made available for inspection under the supervision of Lieutenant David Wolfe (Wolfe), custodian of the fire division's personnel records.
 
 
 4
 Apparently, Tolliver conducted only a cursory perusal of the requested personnel files. He attempted to justify his actions in an affidavit which is the basis for appellant's arguments in support of the motions confronting this court. In his affidavit, Tolliver stated that Wolfe had misled him into believing that disciplinary action imposed prior to July 1, 1982 was not thereafter to be considered in the imposition of sanctions for infractions of fire division regulations which occurred subsequent to that date. Tolliver stated that he relied upon Wolfe's assertions and did not demand or seek to review the pre-July 1, 1982 disciplinary records.
 
 
 5
 Tolliver attested that, shortly before appellant discharged him as legal counsel, he had been advised by his client that pre-July 1, 1982 infractions had been considered in disciplining a black firefighter after that date, thereby discrediting Wolfe's representations. Tolliver stated that had he been apprised of this disparate treatment, he would have reviewed the older records for additional evidence to support a prima facie case of racial discrimination. The trial court rejected each of the appellant's arguments. A timely appeal was filed.
 
 
 6
 Upon review of the appellant's assignments of error, the record in its entirety, and the briefs of the parties, this court concludes that the district court did not abuse its discretion in denying the motion for relief. Accordingly, the order entered by the district court on August 10, 1989 is AFFIRMED for the reasons stated in that order.