961 F.2d 1577
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John E. KENEALY, Plaintiff-Appellant,
v.
Jack BRESLIN; Donald Chamberlain; Frank Coyer, Jr.;
Russell Howell; Robert Rowan; Francis Sehan; T. Neal
Combs; Leon Alexander; John Grace; John McCabe; Thomas
Reghanti; James Wilkerson; and Dean Richardson, Defendants,
v.
FRUEHAUF CORPORATION; K-H Corp; and Robert Siefert,
Defendants-Appellees.
 Nos. 90-1461, 90-1569.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1992.
 
 Before DAVID A. NELSON, BOGGS and KRUPANSKY, Circuit Judges.
 PER CURIAM:
 
 
 1
 The plaintiff-appellant, John E. Kenealy, has initiated this consolidated pro se appeal from the district court's order dismissing without prejudice his complaint against certain individual defendants for failure to effect service of process and from a grant of summary judgment in favor of those defendants who entered an appearance and answered the complaint, the K-H Corporation and Robert Siefert.[1]
 
 
 2
 In his complaint, Kenealy sought to maintain an action for damages founded on civil contempt for the alleged violation by the corporation and its officers and directors of a preliminary injunction issued on July 24, 1986 in Plaza Securities v. Fruehauf Corporation, 643 F.Supp. 1535 (E.D.Mich.1986), modified, Edelman v. Fruehauf Corporation, 798 F.2d 882 (6th Cir.1986). Kenealy was not a party to that case. The case, including the injunction, was dismissed with prejudice pursuant to the stipulation of the parties on August 22, 1986.
 
 
 3
 The district court permitted Kenealy to proceed in forma pauperis and ordered the United States Marshal to serve the summons and complaint without prepayment of costs. Kenealy apparently supplied the United States Marshal with an incorrect address for the corporation's offices, and none of the defendants acknowledged receipt of the summons and complaint. Three months after the faulty summons and complaint were mailed by the United States Marshal pursuant to the court order, the district court, on December 19, 1989, at the conclusion of a show cause hearing, advised Kenealy that the case would be dismissed if service was not effected within thirty days from the date of the hearing.
 
 
 4
 Kenealy did not perfect service, although he did file a motion for default judgment. On March 12, 1990, the district court denied the default motion for failure to effect service of the summons and complaint as required by Fed.R.Civ.P. 4(c)(2)(C)(i), 4(c)(2)(C)(ii), or 4(d)(1). The complaint was dismissed without prejudice pursuant to Fed.R.Civ.P. 4(j) as to those defendants who had not acknowledged service. On February 28, 1990, the K-H Corporation and Robert Siefert filed a motion for summary judgment which was granted by the court on April 16, 1990.
 
 
 5
 This court assumed jurisdiction over the Fed.R.Civ.P. 4(j) dismissal pursuant to Gillis v. United States Dep't of HHS, 759 F.2d 565, 569 (6th Cir.1985). The district court did not abuse its discretion in dismissing the complaint. In addition, the complaint was dismissed without prejudice. Kenealy was not barred by the district court's order from refiling his complaint and attempting to effect proper service.
 
 
 6
 Finally, summary judgment was appropriate because there is no genuine issue as to any material fact that would entitle Kenealy to judgment as a matter of law. Fed.R.Civ.P. 56(c). Kenealy has no standing to seek damages under a preliminary injunction that has been dissolved in a case in which he was not a real party in interest and that has been dismissed upon the stipulation of the parties to that action. Shillitani v. United States, 384 U.S. 364, 370, 86 S.Ct. 1531, 1535 (1966); Reed v. Rhodes, 635 F.2d 556, 558 (6th Cir.1980), modified, 642 F.2d 186 (6th Cir.1981). Even assuming that Kenealy could surmount the procedural obstacles posed by his attempt to enforce a nonexistent injunction, as a matter of law and fact he was not a "bidder" for the corporation and would not have been embraced by the terms of the injunction while it was in effect. Plaza Securities Co. v. Fruehauf Corp., 643 F.Supp. 1535 (E.D.Mich.1986), modified, Edelman v. Fruehauf Corp., 798 F.2d 882 (6th Cir.1986). Thus, the final judgment of the district court is AFFIRMED in its entirety.
 
 
 
 [1]
 The corporate name was changed from "Fruehauf Corporation" to "K-H Corporation" on June 22, 1989