19 F.3d 1433
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John E. KENEALY, Plaintiff-Appellant,
v.
FRUEHAUF CORPORATION; K-H Corp; Robert Seifert;
Defendants-Appellees,
Jack Breslin, et al., Defendants.
 No. 93-1431.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1994.
 
 Before: RYAN and NORRIS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 John E. Kenealy appeals a district court order denying his "Petition [ ] to Rehear Defendants' Motion to Dismiss Re: Summary Judgment." The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In this case, Kenealy initially sought to maintain an action for damages founded on civil contempt for the alleged violation by the defendant corporation and its officers and directors of a preliminary injunction issued on July 24, 1986, in Plaza Secs. Co. v. Fruehauf Corp., 643 F.Supp. 1535 (E.D.Mich.), aff'd, Edelman v. Fruehauf Corp., 798 F.2d 882 (6th Cir.1986). Kenealy was not a party to Plaza Secs., which was dismissed with prejudice pursuant to the stipulation of the parties on August 22, 1986.
 
 
 3
 Kenealy's complaint was dismissed without prejudice pursuant to Fed.R.Civ.P. 4(j) as to those defendants who had not acknowledged service. On February 28, 1990, the remaining defendants filed a motion for summary judgment which was granted by the district court on April 16, 1990. The district court determined that Kenealy had no standing to seek damages under a preliminary injunction which had been dissolved in a case in which he was not a real party in interest and that had been dismissed upon the stipulation of the parties to that action. Shillitani v. United States, 384 U.S. 364, 370 (1966); Reed v. Rhodes, 635 F.2d 556, 558 (6th Cir.1980), modified, 642 F.2d 186 (6th Cir.1981). On direct appeal, the Sixth Circuit affirmed the district court's disposition of the action. See Kenealy v. Breslin, Nos. 90-1461/1569 (6th Cir.) (unpublished per curiam), cert. denied, 113 S.Ct. 618 (1992).
 
 
 4
 On November 12, 1992, Kenealy filed a motion for a temporary restraining order to prevent the disbursement of funds by the defendants. The district court denied the motion in an order dated November 24, 1992.
 
 
 5
 Thereafter, Kenealy appealed and filed a motion for the same temporary restraining order in the Sixth Circuit. The Sixth Circuit dismissed the appeal and denied the motion after concluding that it raised no new matters warranting the injunctive relief sought.
 
 
 6
 Kenealy then filed the petition which forms the basis of this appeal. The district court denied the petition in an order dated March 17, 1993.
 
 
 7
 On appeal, Kenealy seeks review of the March 17, 1993, order denying his petition to rehear the district court order granting summary judgment in favor of the defendants. Kenealy's petition to rehear did not state his intention to proceed under any specific Federal Rule of Civil Procedure. However, since the petition was filed approximately three years after summary judgment was granted in favor of the defendants, it may be construed as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b).
 
 
 8
 A motion for relief from judgment under Fed.R.Civ.P. 60(b) "does not toll the time for appeal from, or affect the finality of, the original judgment." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); see also Peake v. First Nat'l Bank and Trust Co., 717 F.2d 1016, 1019 (6th Cir.1983). Thus, construing Kenealy's petition to rehear as a Rule 60(b) motion would not permit this court to exercise jurisdiction over an appeal from the April 16, 1990, judgment. Peake, 717 F.2d at 1020.
 
 
 9
 This court reviews the March 17, 1993, order to determine whether the district court abused its discretion in denying relief. Miller v. Owsianowski (In re Salem Mortgage Co.), 791 F.2d 456, 459 (6th Cir.1986); Smith v. Secretary of Health and Human Services, 776 F.2d 1330, 1332 (6th Cir.1985).
 
 
 10
 Upon review, we conclude that the district court did not abuse its discretion in denying Kenealy's petition to rehear. Kenealy basically reiterates his previous arguments. Rule 60(b) provides for relief in extraordinary circumstances. In re Salem Mortgage Co., 791 F.2d at 456. The rule is not a means by which a party dissatisfied with a judgment may obtain a rehearing of his case. Reviewing courts will find an abuse of discretion in the denial of a Rule 60(b) motion only if there is a definite and firm conviction that the court committed a clear error of judgment. Davis v. Jellico Community Hospital, Inc., 912 F.2d 129, 133 (6th Cir.1990); Union Oil Co. v. Service Oil Co., 766 F.2d 224, 227 (6th Cir.1985). No clear error of judgment on the part of the district court exists in this case.
 
 
 11
 Accordingly, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.