103 F.3d 129
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald B. HARRIS, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee.
 No. 96-3394.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1996.
 
 Before: JONES, SILER, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Ronald B. Harris, an Ohio litigant represented by counsel, appeals a district court order denying his motion to vacate judgment and motion for leave to file a supplemental complaint pursuant to Fed.R.Civ.P. 60(b), and 15(d). The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Harris is a disabled Vietnam Era veteran. On September 17, 1973, General Motors Corporation (GM) hired him. He was a member of and represented by the United Automobile Workers of America (the Union). He, along with all other members of the Union, worked under the terms of a collective bargaining agreement (the Agreement). One part of the Agreement provided that GM will comply with the requirements of the Vietnam Era Readjustment Assistance Act.
 
 
 3
 On May 23, 1995, Harris and his wife filed a complaint in the Court of Common Pleas for Trumbull County, Ohio, against GM (Harris I ) alleging breach of contract, violation of Ohio Rev.Code Ann. § 5903.11, intentional infliction of emotional harm, and loss of consortium. Specifically, Harris alleged that in July 1986, GM promised "that he would receive the training and advancement opportunities due him," but thereafter, it did not provide them. On June 19, 1995, GM removed the case to the federal district court under 28 U.S.C. § 1441.
 
 
 4
 On August 31, 1995, GM filed a motion for judgment on the pleadings, and on September 14, 1995, Harris and his wife responded. On December 5, 1995, the district court granted GM's motion.
 
 
 5
 On September 19, 1995, the Equal Employment Opportunity Commission issued notices of right to sue relating to charges of discrimination under 42 U.S.C. § 2000e (Title VII) that Harris had filed in 1989, 1990, and 1991, each challenging the refusal of GM to admit him to training programs. On December 6, 1995, Harris, represented by a new attorney, filed a second complaint against GM in the United States District Court for the Northern District of Ohio (Harris II ). He alleged that GM discriminated against him because of his race and sex when it did not admit him to its training programs in violation of Title VII.
 
 
 6
 In January 1996, Harris's new attorney first learned of Harris I when GM filed an answer in Harris II. On February 2, 1996, Harris filed a motion to vacate the December 5, 1995, judgment and leave to file a supplemental complaint in Harris I pursuant to Fed.R.Civ.P. 60(b) and 15(d). Harris asserted that there was a "breakdown in communication" with his attorney in Harris I, and that he neglected to inform new counsel in Harris II of the existence of Harris I. The district court denied the motion in an order entered March 22, 1996. This timely appeal followed.
 
 
 7
 Generally, this court reviews the denial of a Fed.R.Civ.P. 60(b) motion only for an abuse of discretion. Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160 (6th Cir.1980). The underlying judgment is not reviewed. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978). Rule 60(b) allows the district court to
 
 
 8
 relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.
 
 
 9
 The relief available under the residual provision, Fed.R.Civ.P. 60(b)(6), should be afforded only in exceptional circumstances where principles of equity mandate relief. Fuller v. Quire, 916 F.2d 358, 360 (6th Cir.1990); Miller v. Owsianowski (In re Salem Mortgage Co.), 791 F.2d 456, 459 (6th Cir.1986).
 
 
 10
 The district court found that Harris failed to offer any reason why he delayed two months before retaining his second attorney. The court also found that Harris failed to explain why he did not inform his second attorney about Harris I. The court concluded that Harris failed to establish any "breakdown in communication" between himself and his attorney. Rather, the court stated that Harris made a tactical decision to pursue his claims in two cases instead of amending his complaint. Further, the court stated that by not informing his attorneys of the existence of both cases, Harris was grossly negligent.
 
 
 11
 The district court reasonably found that Harris failed to establish cause beyond his gross negligence to justify relief under Rule 60(b)(1). The district court correctly relied on this court's decision holding that gross negligence is insufficient to set aside a judgment under Fed.R.Civ.P. 60(b)(1). See Whitaker v. Associated Credit Servs., Inc., 946 F.2d 1222, 1224 (6th Cir.1991). In addition, "[a] party's failure to inform the attorney of relevant evidence, or reliance on an unsuccessful legal theory are considered tactical decisions for which relief will not be granted." Wright, Miller & Kane, Federal Practice & Procedure § 2858 at 288 (1995). See also, e.g., Carlisle v. City of Toledo, 1990 WL 98843 (6th Cir. July 17, 1990) (Rule 60(b) relief not appropriate where plaintiff did not inform attorney of relevant facts). Harris failed to offer any reason why he waited two months before retaining his second attorney. He also failed to explain why he did not inform his second attorney of the existence of Harris I. Thus, as the district court found, Harris failed to establish any "breakdown in communication" between himself and his attorney. Therefore, the district court did not abuse its discretion in denying Harris's Rule 60(b) motion.
 
 
 12
 Accordingly, the district court's order should be affirmed.