Arthur J. ROOKS, Appellant,

v.

AMERICAN BRASS COMPANY, a Connecticut corporation, Appellee.

No. 13570.

United States Court of Appeals Sixth Circuit.

Feb. 11, 1959.

Wilfrid L. Burke, Detroit, Mich., for appellant.

Robert A. Jenkins, Detroit, Mich., William H. Granse and Hill, Lewis, Andrews, Granse & Adams, Detroit, Mich., on the brief, for appellee.

Before ALLEN, Chief Judge, and SIMONS and MARTIN, Circuit Judges.

PER CURIAM.

This appeal attacks an order of the District Court overruling a motion to set aside a default and a default judgment rendered against defendant.[1] The case arises out of the following facts which are set forth in a verified motion to vacate the default and the default judgment, supported by three affidavits. Plaintiff filed an unverified response to the motion in which plaintiff neither admitted nor denied a number of controlling facts asserted in defendant's motion.

The judgment by default against defendant was entered in an action filed by plaintiff for collection of an alleged guaranty by defendant of debts to the extent of $60,000 asserted to be owed to plaintiff by Commercial Brass Company, hereinafter called Commercial. Defendant, Vice President of Commercial, signed the guaranty. In its action against defendant plaintiff alleged that it had delivered materials to Commercial for which Commercial owed plaintiff $146,165.82 and that $60,000 of this sum is covered by the alleged guaranty.

The action was filed May 2, 1957, and judgment by default was entered December 27, 1957. Motion to set aside the default and default judgment and reopen the case for the taking of proofs was timely filed January 15, 1958, and denied by the District Court in a summary order which made no findings of fact and announced no conclusions of law.

The following facts are alleged in defendant's verified affidavit and are supported by affidavits of defendant's wife, Ann Rooks, and Edwin Dowd, treasurer of Commercial. During the period from May, 1957, to January, 1958, that is, substantially the period between the filing of the action and the default judgment, defendant was suffering with meningitis, having been confined for many weeks in the Jennings Hospital, Detroit. During this time business matters were not called to defendant's attention because of his precarious illness. Dowd stated under oath that defendant had been seriously ill from May to December, 1957, and was unable to handle any business. All of defendant's work previously done by defendant for Commercial was turned over to Dowd.

While service of process was made at defendant's residence on July 31, 1957, by delivery of the summons and complaint to defendant's wife, because of defendant's dangerous condition Mrs. Rooks did not inform defendant that she had been given a summons and complaint. She turned the papers over to Dowd under the mistaken belief that the litigation related to Commercial. Dowd's affidavit set forth that, due to the fact that the sum alleged to be due plaintiff from Commercial was the same figure in the instant suit as in the bankruptcy proceedings recently instituted by plaintiff against Commercial, Dowd was under the mistaken impression that the papers related to a suit against Commer-

---

1. The parties will be denominated as in the court below.

cial. Defendant's affidavit declares that he was never personally served with a copy of the summons and complaint herein and the record shows that the service secured was not personal service but was residence service through delivery to defendant's wife in accordance with Federal Rules of Civil Procedure, rule 4(d) (1), 28 U.S.C.

Rule 55(c) of the Federal Rules of Civil Procedure provides that "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Rule 60(b) provides "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * (4) the judgment is void; * * * (6) any other reason justifying relief from the operation of the judgment."

■ We think the circumstances set forth in the affidavits establish the existence of several grounds for vacating the default and the default judgment in accordance with Rule 55(c) and Rule 60 (b). It is averred and not denied in any sworn pleading or response, that both defendant's wife and Dowd, to whom the summons, and complaint were given because of an erroneous impression of fact, namely, that the action against defendant asserted a claim against Commercial, combined with the crucial importance of not intensifying defendant's serious illness, failed to apprise him of the action against him. This was a mistake of fact. That Dowd, particularly because of his relationship to defendant as successor in carrying on his work at Commercial, failed to give the matter proper attention is evident. This was inadvertence or neglect. The neglect was excusable because the timely steps required in the action were not due to defendant's own carelessness, but arose principally from an unexpected and unavoidable happening, namely, the incidence of the meningitis, which was the main factor

in defendant's receiving no notice of the action. All the facts establishing these reasons for setting aside the default and the default judgment were asserted under oath and were not denied in any sworn statement.

■ An additional circumstance constitutes another "reason justifying relief from the operation of the judgment." Rule 60(b). This is set forth in the affidavit by Dowd with reference to the involuntary petition in bankruptcy filed by plaintiff against Commercial. Dowd states that during the period involved Commercial had many conferences with plaintiff's representatives, counsel for the trustee in bankruptcy, and counsel for Commercial, considering a possible purchase of Commercial's business. The appraisal of Commercial's assets on file in the bankruptcy action showed that the replacement value was over $354,000 and the forced sale value was over $128,000. The proposed sale fell through in December, 1957, and shortly thereafter plaintiff secured the default judgment in the instant case. Dowd declared in this affidavit that during all of these negotiations he was not informed that any action was being taken against defendant individually, but assumed that the sole action was the bankruptcy proceeding against Commercial.

Certainly the undisputed facts here constituted a "disturbing and distracting event" which rendered excusable the error and neglect of Mrs. Rooks and Dowd with reference to the summons and complaint. Ledwith v. Storkan, D.C., 2 F.R.D. 539, 544. Upon this showing we think the court's decision was subject to the limitation that it should be inclined under such circumstances toward granting, rather than toward denying, relief. Ledwith v. Storkan, supra. It was admitted that no intervening rights have attached upon the judgment.

■ Defendant submitted a proposed sworn answer with the motion to set aside the default judgment which, among other things, denies that Commercial is indebted to plaintiff in the sum of $146,165.82 and asserts that Com-

mercial owes plaintiff nothing. The answer denies that defendant is indebted to plaintiff in the amount of $60,000, or in any sum of money whatsoever. The answer includes various affirmative defenses, one of which is that defendant was induced to sign the guaranty by fraudulent representations of plaintiff. If any one of these defenses states a defense good at law, then a meritorious defense was presented in the answer. We think that such a prima facie meritorious defense was presented. A motion is not a proper means of determining the merits or passing on the issues of fact. The existence of fraud is a question of fact.

Judgment was taken for $60,000. It has been declared in the Courts of Appeals that matters involving large sums of money should not be determined by default judgments if it can be reasonably avoided. Tozer v. Charles A. Krause Milling Company, 3 Cir., 189 F.2d 242, 245.

The court also declares:

"Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits. Huntington Cab Co. v. American Fidelity & Casualty Co., D.C.W.Va.1945, 4 F. R.D. 496, 498; Standard Grate Bar Co. v. Defense Plant Corp., D.C.Pa. 1944, 3 F.R.D. 371, 372. Since the interests of justice are best served by a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments."

Barber v. Turberville, 94 U.S.App.D.C. 335, 218 F.2d 34, 36. Cf. Erick Rios Bridoux v. Eastern Air Lines, Inc., 93 U.S.App.D.C. 369, 214 F.2d 207.

The judgment of the District Court is reversed, the judgment by default is vacated and set aside, and the case is remanded to the District Court with direction to reinstate the action upon the calendar to allow the filing of an answer by defendant, and to reopen the case for the taking of proof.