**UNITED COIN METER COMPANY, INC., a Michigan corporation, Plaintiff-Appellee,**

v.

**SEABOARD COASTLINE RAILROAD, a Virginia corporation, Defendant-Appellant.**

**No. 81–1681.**

United States Court of Appeals, Sixth Circuit.

Argued Jan. 27, 1983.

Decided April 21, 1983.

1. TENN.CODE ANN., § 50–908 (1977) reads:

George E. Bushnell (argued), Noel A. Gage, John K. Parker, Southfield, Mich., for defendant-appellant.

Stephen M. Landau (argued), Southfield, Mich., for plaintiff-appellee.

Before LIVELY and MARTIN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

LIVELY, Circuit Judge.

The defendant, Seaboard Coastline Railroad (Seaboard), appeals from the district court's denial of its motion to set aside or strike a default judgment entered in favor of the plaintiff, United Coin Meter Company, Inc. (United), in this action. In its complaint United sought damages from the railroad for injury to personal property transported by Seaboard from New York to Florida. Jurisdiction of the district court was based on diversity of citizenship.

I.

The complaint was filed on December 12, 1980 and the marshal's return of service showed that summons and a copy of the complaint were served on an agent of the railroad on December 29, 1980. Seaboard filed a motion to dismiss on February 17, 1981. There had been discussions between counsel, and United does not contend that Seaboard was in default at this time. The motion to dismiss was accompanied by a notice of hearing and a brief in support of dismissal. In its motion to dismiss the defendant relied on Rule 12(b)(1), (2) and (6), Federal Rules of Civil Procedure. It denied that the jurisdictional amount of $10,000 was involved in the claim, denied that there had been proper service and denied that the property of the plaintiff had been injured by the defendant or any agent of the defendant. It also claimed that the plaintiff was precluded from recovering by reason of the terms of the bill of lading under which the personal property was shipped. In its accompanying brief Seaboard stated that the property of the plaintiff was transported in an undamaged condition to its destination in Ft. Lauderdale, Florida and that it was damaged when a driver employed by a third party unrelated to the railroad, acting on a request from United, attempted to move the piggyback trailer from the location where it had originally been delivered in Ft. Lauderdale to a different location in that city. Seaboard also stated in its brief that it was assembling affidavits in support of its contention that it was not liable to the plaintiff for the injury to its property. United responded to the motion to dismiss, denying that it had requested a third party to move the piggyback trailer and contending that its only contacts had been with Seaboard which was responsible for the movement of the trailer.

The hearing on the motion to dismiss was adjourned to April 7, April 21, and May 5, 1981 by docket entries on March 24, April 7 and April 21, 1981. A docket entry on May 5, 1981 states, "Motion to dismiss, withdrawn. Joiner, J. dd 5/11/81." No written motion to withdraw the motion to dismiss was filed and no stipulation withdrawing it or order permitting it to be withdrawn was ever entered. The next two docket entries are notices of a status conference set for two different times on June 24, 1981. On May 19 United filed a request for entry of default with an affidavit in support. On the same day the clerk entered default. On May 26 United filed a motion for entry of default judgment with brief and proof of service. The court set the motion for entry of default judgment for hearing on June 30, 1981 and on that date the defendant filed its opposition to the motion for entry of default with brief and attachment. In an affidavit accompanying the motion for default entry by the clerk of the district court the attorney for United stated, "Defendant has failed and neglected to file an Answer or take any other affirmative action as prescribed by law."

In its opposition to United's motion for entry of default judgment Seaboard again set forth the grounds for its motion to dismiss and stated that, since it lacked appropriate supporting affidavits it had "dismissed said motion then rescheduled to be heard on Tuesday, May 5, 1981." Seaboard stated its position that at the time it dismissed the motion its counsel was granted by counsel for United a period of 20 days from the hearing date on the motion to dismiss within which to file a response to the complaint, but that United filed its notice of default and motion for entry of default judgment prior to the expiration of the agreed 20 days. In an accompanying affidavit the attorney for Seaboard stated that she received a telephone call from plaintiff's counsel on or about May 6, 1981 at which time a 20-day extension of time was granted by plaintiff and it was the affiant's understanding that this period was to commence from the date of the rescheduled hearing on defendant's pending motion

to dismiss, May 5, 1981. Included with Seaboard's response in opposition to the motion for entry of default were exhibits which set forth its defense that United's property was injured while being moved by a third party after it had been delivered to the custody of the plaintiff rather than while it was under the control of the defendant. The brief in support of Seaboard's position argued that it could show "good cause" under Rule 55(c), F.R.Civ.P., and could also meet the requirements of "mistake," "inadvertence," or "excusable neglect" set forth in Rule 60(b), F.R.Civ.P., sufficient to establish good cause.

At a hearing before the district judge on June 30 and July 1 both of the attorneys who had been involved in the case made statements. Counsel for Seaboard stated that she was granted 20 days after withdrawal of her motion to dismiss and that she understood the 20 days was to run from May 5, 1981, the date on which the motion to dismiss had been rescheduled for hearing. Counsel for United stated that he had talked with the district judge's law clerk with respect to the date and had been told unequivocally, "It was granted as your Honor indicated to April 28th and that was the date for the 20 days." There appears to be no dispute that counsel for United did agree that Seaboard would have 20 days in which to plead. He said, "When 20 days were up, we filed default." Thus, the only matter in dispute between the parties is the time from which the 20 days was to run. The substance of the statements of counsel was contained in affidavits filed with the court. Counsel for Seaboard argued that if her calculation of the 20 days for answer was inadvertent or in error that would be sufficient good cause to require the default to be set aside. She also stated, in answer to an inquiry from the court, that she had not filed an answer because it was her understanding that until the default was set aside she could not file other pleadings. Both attorneys then argued the merits of the case, with counsel for United contending that there was no defense since all of the plaintiff's dealings were with the Sea-

board Coastline Railroad and that it had no dealing with the third party who had attempted to move the piggyback trailer. Counsel for Seaboard again argued that delivery of the trailer loaded with United's property had been completed and that the property was damaged while the trailer was being moved by a third party.

In denying the motion to set aside the default the district court stated, "I don't find excusable neglect in this case. I really don't find that the affidavits establish any facts to a meritorious defense in the case." The court then heard proof. United called its corporate secretary who testified concerning the shipment of the personal property to Ft. Lauderdale by way of Seaboard Coastline Railroad and of the injury which occurred to the property while the piggyback trailer in which it was loaded was being moved. This witness claimed that United had no contacts with the third party who was moving the trailer at the time of the injury, but dealt only with Seaboard. The witness then identified exhibits establishing United's damages and the exhibits were admitted. The attorneys repeated their arguments following the close of testimony and counsel for defendant specifically noted that she had had no opportunity to call witnesses and requested a continuance to obtain testimony. After hearing arguments the district court reaffirmed its finding of no good cause to set aside the default and reaffirmed its ruling that there had been no adequate showing of a meritorious defense. A docket entry on July 1, 1981 shows that United's motion for entry of default judgment was granted and that the defendant's motion to set aside default was denied. This entry is based on the oral ruling, since no order or other document was filed at that time. On August 6 the defendant filed a motion for reconsideration and an answer to the complaint with affirmative defenses and attachments. One of the affirmative defenses relied upon by Seaboard was, "That the occurrence alleged in Plaintiff's complaint was caused by acts of commission of others over whom Defendant had no control." By an order entered on August 25 United was directed to respond to Seaboard's motion for reconsideration within 10 days, pursuant to Local Rule 17k(2). Oral argument on the motion for reconsideration was set for September 22. Meanwhile, on August 21, the district court entered a default judgment in favor of United for the full amount sought in the complaint.

At the September 22nd hearing Seaboard filed a motion to set aside or strike the default judgment. Following a brief hearing on September 22, the district court took the matter under advisement. On September 28 the district court entered an order denying defendant's motion for reconsideration. By an order entered October 16 the district court reaffirmed all of its previous holdings, refused to set aside or strike the default judgment and denied a motion to stay execution. The notice of appeal was filed on October 23, 1981 seeking to appeal from the orders entered on August 21, 1981 (the default judgment), on September 28, 1981 (the order denying defendant's motion for reconsideration) and October 16, 1981 (the order denying all motions and denying a stay of execution on the judgment). Unless the motion for reconsideration may be treated as one filed pursuant to Rule 59, F.R.Civ.P., the notice of appeal was not timely with respect to the default judgment itself. A motion pursuant to Rule 60(b) does not extend the time for appeal. However, the notice of appeal was timely with respect to the denial of the motions for reconsideration and to set aside or strike the entry of default judgment.

In its August 6th motion for reconsideration of United's motion for entry of default judgment, Seaboard argued that it had established a misunderstanding of counsel concerning an extension of time for pleading which was a sufficient ground for setting aside the entry of default pursuant to Rule 55(c) and that the record showed that the district court was not fully apprised of all of the facts at the time of the June 30-July 1 hearing. An additional affidavit of the attorney for Seaboard was attached in which she stated that she had gone to the hall outside the courtroom with counsel for

United after the district court had indicated its ruling in the afternoon of June 30, and that she had seen notations in the file of plaintiff's counsel confirming that there had been a telephone conversation between counsel concerning withdrawal of the motion to dismiss and setting the time for pleading by the defendant and that the notations indicated that the hearing date on the motion to dismiss was May 5, 1981. The defendant argued that the information in this affidavit constituted new evidence within local rules of the district court. In its September 28th order the district court did not comment specifically on this argument or the affidavit, but merely held that "good cause" had not been established for setting aside the default.

## II.

In finding that there was no "good cause" for setting aside the entry of default or the default judgment the district court appears to have relied on the statement in the affidavit of plaintiff's counsel that he had talked with the judge's law clerk and had been told that the motion to dismiss had been withdrawn on April 28th and that Seaboard's extension of time to answer ran from that date. There is absolutely nothing in the record to support a finding that the withdrawal took place on April 28th. The docket entries show that the motion to dismiss was adjourned to April 7, April 21 and May 5, 1981. The docket entry, "Motion to Dismiss, withdrawn" was made on May 5, 1981. Thus the record entries support the understanding of the attorney for the defendant—that she was given 20 days from May 5 in which to answer. The understanding on which the attorney for the plaintiff proceeded—that the 20 days were up by May 19, the date on which default was entered by the clerk—is unsupported by the record.

The oral withdrawal of a written motion to dismiss is a procedure unknown to this court. Rule 7(b), F.R.Civ.P., requires motions to be made in writing unless made

during a hearing or a trial.[1] If a written motion is to be withdrawn it should be done with the same formality required for making the motion in the first place. It has been observed that "if no written motion is filed and the [judge] does not make a formal order it is apparent that within a very brief time neither the adverse parties nor the court will be able to tell what took place," *In re J. & M. Doyle Co.,* 130 F.2d 340, 341 (3d Cir.1942). The present case is the paradigmatic example of the truth of this observation. Nevertheless, the parties have agreed that the motion to dismiss was withdrawn and the dispute concerns the time in which the defendant was to answer the complaint following withdrawal of the motion to dismiss. As with the oral withdrawal of a written motion, the reliance on a conversation with the district judge's law clerk rather than the record in the clerk's office to determine the date of withdrawal is an unsatisfactory practice. The parties are in sharp disagreement at this point and the official record of the case should control. Thus we conclude that the only scenario supported by the record is that the attorneys for the parties agreed that the motion to dismiss would be withdrawn as of May 5, 1981, the date on which the motion was scheduled for hearing, and that Seaboard would have 20 days thereafter in which to plead.

## III.

The question on appeal is whether the district court abused its discretion in denying Seaboard's motion to set aside the entry of default and default judgment. The grounds for setting aside such entries are set forth in the Federal Rules of Civil Procedure. Rule 55(c) provides:

(c) **Setting Aside Default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

When relief is sought only from the entry of default the standard is "good cause," and

---

**1.** "The type of 'hearing' at which there is no need for reducing a motion to writing is one in which the proceedings are recorded." *Alger v. Hayes,* 452 F.2d 841, 843 (8th Cir.1972).

when relief is also sought from the entry of a judgment by default the "reasons" set forth in Rule 60(b) may supply the good cause:

**Rule 60. Relief from Judgment or Order**

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In this case Seaboard relied upon Rule 55(c) good cause and specifically sought relief on the basis of "mistakes, inadvertence, excusable neglect and newly discovered evidence" as set forth in Rule 60(b). However, the district court held only that Seaboard had failed to establish good cause without any apparent recognition that the mistake and inadvertent error of counsel constituted such cause.

The sequence of procedural steps required of one seeking judgment by default was set forth by the court in *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir.1981):

The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request. Rule 55(a). Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk. Rule 55(b). Finally, Rule 55(c) authorizes a motion to set aside a default judgment pursuant to Rule 60(b). *See generally* 10 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* §§ 2681–2700 (1973).

United argues that Seaboard never made a motion to set aside default. However, an answer or other opposition to a motion for default may be treated as a motion to set aside entry of default. *See Breuer Electric Manufacturing Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182 (7th Cir.1981); *Meehan v. Snow, supra,* 652 F.2d at 276.

The criteria to be considered in applying the Rule 55(c) standard of good cause were succinctly stated by the court in *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 373 (D.C.Cir.1980):

Rule 55(c), Fed.R.Civ.P., provides in relevant part: "For good cause shown the court may set aside an entry of default * * *." Though the decision lies within the discretion of the trial court, *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir.1969), *Provident Security Life Ins. Co. v. Gorsuch*, 323 F.2d 839, 842 (9th Cir.1963), *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951), exercise of that discretion entails consideration of whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious, *Medunic v. Lederer*, 533 F.2d 891, 893 (3d Cir.1976), *Thorpe v. Thorpe*, 364 F.2d 692, 694 (D.C.Cir.1966), *Erick Rios Bridoux v. Eastern Air Lines, Inc.*, 214 F.2d 207, 210 (D.C.Cir.1954), *Tozer v. Charles A. Krause Milling Co., supra* at 244–46.

*Accord: Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir.1982); *Meehan v. Snow, supra,* at 277.

In considering a motion to set aside entry of a judgment by default a

district court must apply Rule 60(b) "equitably and liberally ... to achieve substantial justice." *Blois v. Friday,* 612 F.2d 938, 940 (5th Cir.1980) (per curiam). Judgment by default is a drastic step which should be resorted to only in the most extreme cases. Where default results from an honest mistake "rather than willful misconduct, carelessness or negligence" there is especial need to apply Rule 60(b) liberally. *Ellingsworth v. Chrysler,* 665 F.2d 180, 185 (7th Cir.1981). We agree with the Third Circuit that the three factors which control the decision of a Rule 55(c) motion to set aside entry of default also apply to a Rule 60(b) motion to set aside entry of a judgment by default:

> Our most recent foray into the field was *Farnese v. Bagnasco,* 687 F.2d 761 (3d Cir.1982), where again it was a default entry, not a judgment, that was at issue. Although as we have noted the standards for the two situations are not always the same, we believe that the three factors discussed in *Farnese* should be applied in both situations:
>
> 1. Whether the plaintiff will be prejudiced;
>
> 2. Whether the defendant has a meritorious defense; and
>
> 3. Whether culpable conduct of the defendant led to the default.
>
> *Farnese,* at 764; *see also Livingston Powdered Metals, Inc., [v. N.L.R.B.]* 669 F.2d [133] at 136 [3rd Cir.1982]; *Tozer,* 189 F.2d at 244–45, 246.

*Feliciano v. Reliant Tooling Co., Ltd.,* 691 F.2d 653, 656 (3d Cir.1982). *See Rooks v. American Brass Co.,* 263 F.2d 166, 168 (6th Cir.1959) (per curiam).

In the present case there is no claim that United will be prejudiced from reopening the judgment. Mere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment. *Keegel v. Key West & Caribbean Trading Co., supra,* 627 F.2d at 374; *Feliciano v. Reliant Tooling Co., Ltd., supra,* 691 F.2d at 656–57.

The district court found that Seaboard did not have a meritorious defense. We disagree. In determining whether a defaulted defendant has a meritorious defense "[l]ikelihood of success is not the measure." *Keegel v. Key West & Caribbean Trading Co., Inc.,* 627 F.2d at 734. Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced. *Rooks v. American Brass Co., supra,* 263 F.2d at 169. The papers filed by Seaboard and the argument of its counsel were to the effect that United called the third party whose employee was attempting to move the piggyback trailer when the damage to United's property occurred. If in fact Seaboard had completed delivery of the property and following delivery it was damaged while being relocated by a third party at the request of United, this would be a meritorious defense.

This record certainly does not support a finding that Seaboard's default was willful. Its attorney understood that opposing counsel had agreed that she had 20 days from the adjourned hearing date on her motion to dismiss in which to file a pleading. The order adjourning the hearing set May 5 as the new hearing date. More significantly, however, the docket entry showing withdrawal of the motion to dismiss was made on May 5th. As long as the motion to dismiss was pending Seaboard was not in default. Assuming the oral agreement to withdraw the written motion was effective, the attorney did not act willfully in construing the agreement to extend her time for pleading as running from that date. The date relied on by counsel for United—April 28th—appears nowhere in the record. Counsel explained her delay in filing an answer. She believed she was foreclosed from further pleading until the premature entry of default and default judgment were set aside. Seaboard argued "misunderstanding of the agreement" and "inadvertence" as cause for setting aside the default judgment. The record does not support a finding that the default occurred as the result of willful conduct.

Trials on the merits are favored in federal courts and a "glaring abuse" of discretion is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default. *Keegel v. Key West & Caribbean Trading Co., supra,* 627 F.2d at 373–74. In *Rooks v. American Brass Co., supra,* 263 F.2d at 169, this court quoted with approval language from the opinion in *Tozer v. Krause Milling Co.,* 189 F.2d 242, 245 (3d Cir.1951):

> "Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits. *Huntington Cab Co. v. American Fidelity & Casualty Co.,* D.C.W.Va.1945, 4 F.R.D. 496, 498; *Standard Grate Bar Co. v. Defense Plant Corp.,* D.C.Pa.1944, 3 F.R.D. 371, 372. Since the interests of justice are best served by a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments."

Here the district court did not discuss prejudice or willfulness and applied an erroneous standard in concluding that no meritorious defense had been presented. Since these three factors should be applied to motions for relief of default under both Rule 55(c) and Rule 60(b) it was error to reach a determination of no good cause without considering all of them.

We can sympathize with the frustrations felt by the district judge in this case. Attorneys for both parties engaged in sloppy practice and failed to keep the court informed. Some informality is necessary to keep busy trial lawyers from becoming slaves to form. However, as an appellate court required to review trial court proceedings on the basis of the record alone, we cannot condone informality that goes to the extremes found in this case. The understandings and agreements between counsel should have been memorialized in some way. The motion to dismiss should have been withdrawn either by a signed stipulation or by order of the court. In that event there would have been no doubt as to its effective date. Further, when plaintiff's counsel was uncertain of the date on which the motion to dismiss was withdrawn he should have consulted the court's docket or the rescheduling order itself. By relying on the law clerk's memory he proceeded on the basis of an assumed date which could be found nowhere in the record.

The judgment of the district court is reversed and the cause is remanded with directions to set aside the default judgment, and reinstate the action upon the calendar to permit the tendered answer to be filed, and for further proceedings. No costs are allowed; each party will pay its costs on appeal.