940 F.2d 664
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
1130 PRINCE STREET, S.E., GRAND RAPIDS, MICHIGAN, Real
Property Known As, all improvements, fixtures and
appurtenances thereto; Defendant,
Savanah Thomas, Julia Thomas, Claimants-Appellants.
 No. 91-1084.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1991.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Claimants Savanah and Julia Thomas appeal the district court's denial of their motion for relief from the entry of default rendered against them in a forfeiture proceeding brought by the United States. Because we find claimants failed to sustain their burden of making out a meritorious defense of innocent ownership, we AFFIRM.
 
 
 2
 Claimants, as joint tenants, own a family residence located at 1130 Prince Street, Grand Rapids, Michigan. On November 22, 1988, a search warrant was executed at that address pursuant to information provided by a reliable informant that indicated the home was being used as a "crack house." Officers seized cocaine and cocaine related paraphernalia which was in plain view in the basement. Ten individuals were found in the home at the time of the search, including Julia Thomas.
 
 
 3
 A second search of the premises was executed on May 30, 1990. Officers seized crack cocaine and cocaine paraphernalia found in the kitchen. Six persons were in the home at the time of the search, including both Savanah Thomas and Julia Thomas. Savanah Thomas was charged with maintaining a drug house; she denies any involvement. That charge is currently pending in Kent County Circuit Court.
 
 
 4
 A third search was conducted on August 5, 1990. The search was initiated after an individual claimed to have been given crack cocaine at the Prince Street address before being forced to sign his vehicle title over to several of its occupants. The search uncovered marijuana and cocaine paraphernalia.
 
 
 5
 A complaint for forfeiture in rem was filed on October 22, 1990. On October 23, 1990, a notice of forfeiture action and arrest of property was filed which stated that verified claims were required to be filed within ten days after process had been executed. This notice was sent to claimants by certified mail. United States Marshals personally served claimants with an additional notice of forfeiture proceedings. The verified claims were required to be filed by November 6, 1990.
 
 
 6
 In response, Savanah Thomas requested court appointed counsel by letter dated October 23, 1990. That request was denied on November 1, 1990. Thereafter no claims were filed prior to the November 6 deadline. On November 7, 1991, claimants were found in default. On November 8, 1991, the United States received an answer and a list of affirmative defenses from the claimants. The clerks' office refused to file the answer because defaults had already been entered. Accordingly, on November 15, 1990, claimants filed a motion for relief from entry of default pursuant to Fed.R.Civ.Pro. 55(c), claiming that good cause existed to overcome the default because they were innocent owners of the seized property under 21 U.S.C. 881(a)(7).
 
 
 7
 The district court refused to grant relief from the entry of default because it found that no good cause existed. The court found that the claimants had failed to establish a meritorious defense as innocent owners under 21 U.S.C. 881(a)(7) which permits an owner to avoid forfeiture if she establishes that the illegal activity took place without her knowledge or consent. Although the court noted that a claimant is not required under the statute to do all that could reasonably be expected of him to prevent illegal activity from occurring on his property, United States v. Lots 12, 13, 14, & 15, Keeton Heights Subdivision, Morgan County, Ky., 869 F.2d 942, 947 (6th Cir.1989), after reviewing the record the court concluded that the claimants in this case had admitted to knowledge of the illegal activity and had consented to it through ratification or acquiescence because they failed to take any steps to prevent it. The court did not address the other prongs of the good cause analysis.
 
 
 8
 Claimants argue that the district court erred in denying their motion to set aside entry of default because the court applied an improper standard. We disagree. At the outset, we must emphasize that claimants' motion was a Rule 55(c) motion for relief from entry of default, not a Rule 60(b) motion for relief from a default judgment. Accordingly, claimants need only show "good cause" to set aside the entry of default. INVST Financial Group v. Chem-Nuclear Sys., 815 F.2d 391, 398 (6th Cir.), cert. denied sub nom. Garratt v. INVEST Financial Group, 484 U.S. 927 (1987).
 
 
 9
 Though a finding of good cause is left to the sound discretion of the trial court, "[t]rials on the merits are favored in federal courts and a 'glaring abuse' of discretion is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default.... Any doubt should be resolved in favor of the petition to set aside the judgment." United Coin Meter Co. v. Seaboard Coastline Railroad, 705 F.2d 839, 846 (6th Cir.1983).
 
 
 10
 This court has stated that in determining whether good cause exists one must examine whether the plaintiff will be prejudiced by reopening the case, whether culpable conduct of the defendant led to the default, and whether the defendant has a meritorious defense. Id. at 844. Claimants argue that they have met each requirement because (1) the only prejudice to the United States if the case were reopened would be delay, which is insufficient as a matter of law, INVST Financial Group, 815 F.2d at 398; (2) they were not culpable for the default because of their attempts to secure representation and assert ownership rights; and (3) they adequately presented the meritorious defense of innocent ownership. The district court did not address the first two factors, but rather rejected defendants' motion solely on the lack of factual support for a meritorious defense.
 
 
 11
 In determining whether a defaulted party has established a meritorious defense, " 'likelihood of success is not the measure'.... Rather if any defense relied upon states a defense good at law, then a meritorious defense has been advanced.... [S]uch a defense is sufficient if it contains 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense.' " INVST Financial Group, 815 F.2d at 399 (citations omitted). Despite this less than exacting standard, claimants have failed to establish the statutory defense of innocent ownership. The sworn statements submitted by the claimants asserting that neither consented to any illegal activity are insufficient to establish just cause for relief from entry of default in the face of overwhelming evidence to the contrary.
 
 
 12
 Taking the record as a whole there is no question that claimants were fully aware of the illegal activities being carried on in their home; the only issue remaining is whether claimants contention that they did not consent, standing alone, provides sufficient grounds for a defense of innocent ownership. We conclude that it does not. Although claimants do not carry the burden of establishing that they did all in their power to prevent the illegal acts occurring at their residence, Lots 12, 13, 14 & 15, 869 F.2d at 947, without any factual support in the record demonstrating that claimants objected to, or even took the slightest steps possible to prevent the known crimes from continuing, we cannot agree with claimants' assertion of innocent ownership. Accordingly, we find the district court did not abuse its discretion in denying claimants' request for relief.
 
 
 13
 For these reasons, the judgment of the district court is AFFIRMED.