Paulette JACKSON, Plaintiff,

v.

HAMILTON COUNTY COMMUNITY
MENTAL HEALTH BOARD,
Defendant.

No. C–1–96–530.

United States District Court,
S.D. Ohio,
Western Division.

April 30, 1997.

John H. Forg, III, Colleen B. Laux, Forg & Forg, Cincinnati, OH, for Paulette Jackson.

Kathleen H. Bailey, Asst. Pros. Atty., Hamilton County, Ohio, Cincinnati, OH, for Hamilton Co. Community Mental Health Bd.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on Plaintiff's Motion for Default Judgment (doc. 20), Defendant's Response (doc. 21); Defendant's Motion to File Answer Out of Time (doc. 21); Plaintiff's Motion to Extend Time to Respond to Defendant's Motion for Summary Judgment (doc. 26).

## BACKGROUND

This is an employment discrimination action brought by Plaintiff, Paulette Jackson, against her former employer, Defendant,

Hamilton County Community Mental Health Board.

Ms. Jackson filed this action *pro se* on May 23, 1996. Defendant filed an Answer to the Complaint on June 12, 1996. Thereafter, Ms. Jackson retained present counsel and filed an Amended Complaint on November 12, 1996.

Ms. Jackson has now moved for an order granting default judgment against Defendant because Defendant failed to Answer the Amended Complaint within the ten (10) day period prescribed in Rule 15(a) of the Federal Rules of Civil Procedure.

## DISCUSSION

■ It is undisputed that Defendant did not timely file its Amended Answer. According to Rule 15(a), "[a] party shall plead in response to an amended pleading within the time remaining for a response to the original pleading or within 10 days after service of the amended pleading...." Fed.R.Civ.P. 15(a). Plaintiff filed her Amended Complaint on November 12, 1996, and Defendant did not file its Amended Answer until December 6, 1996.

Although Ms. Jackson has not obtained an entry of default from the clerk's office pursuant to Rule 55(a), Ms. Jackson now moves for an Order from the Court entering judgment by default, pursuant to Rule 55(b)(2). Fed. R.Civ.P. 55(b). Rule 55(c) provides that the Court may set aside an entry of default for good cause shown. Fed.R.Civ.P. 55(c).

■ In determining whether to set aside an entry of default or to grant a default judgment, the court must balance three factors: (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether the culpable conduct of the defendant led to the default. *Shepard Claims Service v. William Darrah & Assocs.*, 796 F.2d 190, 192–94 (6th Cir. 1986).

■ Regarding the first prong of the test, mere delay is insufficient to establish prejudice. *INVST Financial Group v. Chem-Nuclear Systems*, 815 F.2d 391, 398 (6th Cir.1987). Rather, prejudice from delay occurs where it is shown that discovery will be more difficult or that evidence would be lost. *Id.*

■ The second prong of the test is satisfied if any defense relied upon states a defense good at law, that is, a meritorious defense has been advanced. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir.1983). "The key consideration is 'to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Id.* (quoting 10 Charles A. Wright, et al., *Federal Practice & Procedure*, § 2697 at 531 (1983)).

■ Finally, in order to find the conduct of the defendant culpable, the conduct "'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.'" *INVST*, 815 F.2d at 399 (quoting *Shepard Claims Service, Inc.*, 796 F.2d at 194).

■ Whether to set aside a default entry is a matter within the court's discretion. *Id.* at 193. Moreover, there is a strong preference for trials on the merits. *Id.*

Applying the above principles to this case, we conclude that it would be more equitable to deny Ms. Jackson's motion for default judgment.

Ms. Jackson has not demonstrated that she has been or would be prejudiced by Defendant's late filing of its Amended Answer. By Defendant's filing of the first Answer, Ms. Jackson was aware that Defendant intended to defend this action. Further, the Amended Answer was only eleven (11) days late. There is no evidence that discovery will be more difficult or that evidence would be lost by the eleven day delay.

Secondly, Defendant has presented a meritorious defense against each of the four causes of action in the Amended Complaint. In Count One, Ms. Jackson alleges that Defendant's failure to promote her "when other less experienced and/or qualified Caucasian candidates were promoted over her" constitutes race discrimination in violation of Title VII, Section 2 of the Civil Rights Act of 1964 ("Title VII"), and Ohio Rev.Code §§ 4112.02

and 4112.99. Ms. Jackson has identified four Caucasian individuals who were given positions for which she applied. Defendant asserts that it had objective non-discriminatory reasons unrelated to her race for not promoting her, for example, that she was either less qualified or did not apply for that position.

In Count Two, Ms. Jackson alleges that Defendant's hiring of new employees at a higher rate of pay constitutes race discrimination in violation of Title VII and Ohio Rev.Code §§ 4112.02 and 4112.99. Defendant asserts that there were African–Americans who were hired at a rate higher than Ms. Jackson's, that a number of factors are considered in deciding an employee's starting salary, and that her performance did not merit a salary increase.

In Count Three, Ms. Jackson alleges that Defendant's "actions" constitute retaliation in violation of Title VII and Ohio Rev.Code §§ 4112.02 and 4112.99. Defendant asserts that she has not identified with any specificity the substance and particulars of these "actions."

In Count Four, Ms. Jackson alleges that Defendant intentionally, knowingly and recklessly inflicted emotional harm on her. Defendant asserts that, if the allegations supporting this cause of action are the same as the ones supporting the previous claims, then it has already presented its meritorious defense. Further, Defendant asserts that, under §§ 2744.01 and 2744.02, Defendant is a "political subdivision" which allegedly cannot be held liable for damages in a civil action for injury to a person caused by the act or omission of the political subdivision or its employees.

Finally, we do not find Defendant's conduct to be culpable. Defendant's counsel has stated that the late filing was not willful but rather was due to counsel's mistake and carelessness. There is no evidence that Defendant intended to thwart judicial proceedings or to recklessly disregard the effect of its conduct on the proceedings.

### CONCLUSION

Accordingly, we DENY Plaintiff's Motion for Default Judgment, we GRANT Defendant's Motion to File Answer Out of Time, and we GRANT Plaintiff's Motion to Extend Time to Respond to Defendant's Motion for Summary Judgment. Plaintiff must file her Response to the Motion for Summary Judgment by May 20, 1997.

SO ORDERED.