**RIVER TRADING COMPANY, LTD., Plaintiff,**

v.

**HIGH RIDGE MINING, INC., et al., Defendants.**

**Civ.A. No. 97–483.**

United States District Court, E.D. Kentucky, Pikeville Division.

April 30, 1998.

Christopher B. Power, Douglas C. McElwee, Robinson & McElwee, L.L.P., Charleston, WV, for River Trading Company, Ltd., an Ohio limited liability company.

James A. Pruitt, Pruitt & DeBourbon, Pikeville, KY, for High Ridge Mining, Inc., a Kentucky corporation, Dean Francis and Curtis Francis.

### MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

The defendant, Dean Francis ["Francis"], has moved the Court [Record No. 16] to set aside default judgment.  The plaintiff has responded [Record No. 17].  This matter is now ripe for decision.

The following are the pertinent facts. The plaintiff filed its complaint in this action on December 9, 1997. Francis was served with a copy of the summons and complaint on December 22, 1997. As indicated on the return of service [Record No. 4], Francis was served through personal delivery of the summons and complaint on his son, Allen, who lives with Francis.

On January 28, 1998, the Clerk of the Court properly entered default against Francis pursuant to Fed.R.Civ.P. 55(a) [Record No. 7]. On February 24, 1998, this Court entered default judgment against Francis based on his failure to answer [Record No. 13].[1]

On March 18, 1998, Francis filed a motion to set aside default judgment based on the fact that his son did not tell him about the service of the summons and complaint until after the notice of default was entered against him. *See* Motion to Set Aside [Record No. 16]. The plaintiff vigorously opposes Francis's motion on the grounds that he has not met the criteria for setting aside default judgment.

■ The Sixth Circuit in *United Coin Meter v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir.1983), laid out the following three factors that should be considered when addressing motions to set aside entry of default and default judgment:

1. Whether the plaintiff will be prejudiced;

2. Whether the defendant has a meritorious defense; and

3. Whether culpable conduct of the defendant led to the default.

In *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290 (6th Cir.1992), Judge Norris gives the following insightful discussion as to how to apply the three factors:

In practice, however, the methodology for considering the these factors and the weight to be accorded them depends on whether the court is confronted by an entry of default or a default judgment. When asked to set aside an entry of default, a court considers the first factor, defendant's culpability, in the general context of determining whether a petitioner is deserving of equitable relief. But when it is a judgment the defendant is seeking to avoid, the specific requirements of Rule 60(b) narrow the scope of the court's equitable inquiry. When relief is sought under Rule 60(b)(1), the culpability factor is framed in terms of "mistake, inadvertence, surprise, or excusable neglect." Furthermore, while it may be argued that the three factors are to be "balanced" by the court in determining whether to set aside an entry of default, balancing is demonstrably inappropriate when a court initially proceeds, as in the instant case, under Rule 60(b)(1). That is because the rule mandates that a defendant cannot be relieved of a default judgment unless he can demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect. It is only when the defendant can carry this burden that he will be permitted to demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted.

In the case at bar, Francis has made a motion to set aside default judgment. Hence, the Court must analyze Francis's motion under Rule 60(b) and apply the three factors discussed above.[2]

■ The first step in the analysis is to determine whether Francis has shown "mistake, inadvertence, surprise, or excusable neglect." *See* Rule 60(b)(1). In an affidavit

---

1. Francis has still never filed a responsive pleading to the complaint.

2. It should be noted that Francis, without going into any specifics, claims that he was not properly served with the summons and complaint. However, Fed.R.Civ.P. 4(e)(2) allows service by leaving a copy of the complaint and summons with a person of suitable age who is residing

with the defendant. Based on the return of service and the affidavit of the process server, it seems that Francis was properly served. In any event, Francis has waived any technical objections he might have had to the service of process by choosing not to explain them in his motion to set aside and/or not filing a reply addressing them.

attached to his motion to set aside, Francis claims that his son, who was served with Francis's summons and complaint, failed to tell him about the service for a long time and this failure prevented him from responding on time. The plaintiff, however, asserts that Francis was properly served under Rule 4(e)(2) and should be held accountable for not responding.

In resolving this issue, the Court finds persuasive the case of *Rooks v. American Brass Company*, 263 F.2d 166 (6th Cir.1959). In *Rooks*, process was served on the defendant's wife, and the wife did not tell her husband about the service of process because he had a serious illness. *Id.* at 167–68. Default judgment was eventually entered against the defendant, and the district court refused to set it aside on account of mistake, inadvertence, and excusable neglect. In reversing the district court, the Sixth Circuit held that this was a mistake of fact, and it was excusable "because the timely steps required in the action were not due to defendant's own carelessness ..." *Id.* at 168. Applying the same logic to the case at bar, the Court finds that Francis's failure to timely respond is excusable because it was caused by his son's failure to notify him of the action, as opposed to his own negligence.

Having determined that Francis has meet the culpability prong, the Court moves to the next factor in the analysis, meritorious defenses. In his affidavit, Francis claims that he has meritorious defenses to the underlying action but does not state anything more. Additionally, Francis has still not filed an answer to the plaintiff's complaint, and most importantly, chose not to file a reply to the plaintiff's response to his motion to set aside. This is significant because the plaintiff directly attacked Francis's general assertion that he had meritorious defenses.

The Court notes that Francis has the burden of demonstrating that he has meritorious defenses, and his general assertion that he has meritorious defenses is simply not enough. *See Rooks*, 263 F.2d at 168–69 (noting that the defendant submitted a sworn answer with his motion to set aside listing various affirmative defenses and specifically addressing the complaint). In order for Francis to have met this prong, he should have came forward with specific defenses and/or disputed some of the material facts in the case, but he chose not to do this.

Along with failing the meritorious defense prong, Francis does not even attempt to address the third factor, showing that the plaintiff will not be prejudiced by setting aside the default judgment. Therefore, because Francis has failed to demonstrate that he has any meritorious defenses and that the plaintiff will not be prejudiced by setting aside the default judgment, the Court must deny Francis's motion to set aside the default judgment.[3] Accordingly,

**IT IS ORDERED** that Francis's motion to set aside the default judgment [Record No. 16] be, and the same hereby is, **DENIED**.

---

**3.** Francis should be warned that before filing a motion to reconsider this Memorandum Opinion and Order, he had better have compelling reasons as to why the arguments could not have been made in his earlier motion to set aside or in a reply memorandum. If Francis fails to heed the Court's warning and files a memorandum containing arguments that should have been made earlier, Francis and/or his counsel could face sanctions.