**BRICKS, INC., Plaintiff,**

v.

**CME HOUSING GROUP, Defendant.**

No. 01–2286.

United States District Court,
W.D. Tennessee,
Western Division.

Aug. 20, 2002.

Joseph T. Gertz, Less Getz & Lipman, Memphis, TN, Elizabeth B. Stengel, Less Getz & Lipman, Memphis, TN, for plaintiff.

Henry C. Shelton, III, Armstrong Allen, PLLC, Memphis, TN, David Sosne, Summers Compton Wells & Hamburg, St Louis, MO, for defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM DEFAULT JUDGMENT**

DONALD, District Judge.

This matter is before the Court on defendant CME Housing Group ("CME")'s motion pursuant to Fed.R.Civ.P. Rules 55(c) and 60(b) to set aside this Court's February 21, 2002 Order Entering Judgment by Default against defendant. For the reasons stated herein, defendant's motion is **DENIED.**

## I. Factual Background

On November 20, 2001, defendant's agent for service of process, William H. Graves, was personally served with a copy of plaintiff's complaint by Marie L. Billions, a private process server. (Pl. Mot. at 2). On December 18, 2001, after defendant failed to reply as required by Fed.R.Civ.P. 12, defendant filed an application for entry of default. Subsequently, on January 11, 2002, plaintiff filed a motion for default judgment, and "provided a service copy to the defendant." (Pl. Mot. at 3). On February 8, 2002, the Court granted plaintiff's motion for default judgment and entered a judgment in the sum of $333,581.92 against defendant. On March 22, 2002, defendant filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 55(c) and 60(b)(1) and (6).

## II. Standard of Review

■ Where a party moves the Court to set aside a default judgment, the court must find that one of the specific requirements of Rule 60(b) is met, and then consider the equitable factors of Rule 55. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839 (6th Cir.1983).

Rule 60(b) provides that a Court may relieve a party from a final judgment on grounds of:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60.

■ The criteria to be considered in applying Rule 55(c) are (1) whether the plaintiff will be prejudiced, (2) whether defendant has a meritorious defense; and (3) whether culpable conduct of defendant led to the default. *United Coin Meter*, 705 F.2d at 845.

## III. Discussion

The following factual contentions comprise defendant's grounds for relief under Fed.R.Civ.P. 60(1) and (6):

1. Defendant has recently had a change in management.

2. Management of the Defendant transmitted the complaint to counsel on March 15, 2002.

3. Counsel immediately called plaintiff's counsel.

(Def. Mot. at ¶¶ 1–3)

In the record before the Court, defendant wholly fails to explain or even address its repeated refusals to respond to the complaint of the plaintiff, the summons of the Court, or the entry of default. Moreover, while defendant contends that it received plaintiff's complaint on March 15, 2002, the record indicates that defendant's agent was personally served on November 20, 2001.

■ Therefore, as defendant has failed to provide *any* evidence of "mistake, inadvertence, surprise, or excusable neglect" as required by Fed.R.Civ.P. 60(b)(1), and as the record indicates that defendant had actual notice of plaintiff's suit nearly three months prior to judgment, defendant's motion for relief on these ground is not well taken, and is **DENIED**.

Defendant also prays for relief under Fed.R.Civ.P. 60(b)(6), contending, without more, that "default in this matter offends justice and Defendant needs to be heard by this Court." (Def. Memo. at ¶ 5).

■ It is well settled that Rule 60(b)(6) should be used only in exceptional circumstances, *Pierce v. United Mine Workers of America Welfare and Retirement Fund for 1950 and 1974*, 770 F.2d 449, 451 (6th Cir. 1985), cert. denied, 474 U.S. 1104, 106 S.Ct. 890, 88 L.Ed.2d 925 (1986), and that it can only be used in situations not covered by Rule 60(b)(1)-(5). *Steinhoff v. Harris*, 698 F.2d 270, 276 (6th Cir.1983).

In the instant case, because defendant wholly fails to (a) dispute, explain, or address its failure to comport with the procedural rules of the Court, or (b) provide any specific evidence of exceptional circumstances, the Court finds that defendant's blanket reliance on 60(b)(6) is inapposite. Defendant's mere parroting of the language of the rule does not establish its applicability. Therefore, as defendant has failed to satisfy the stringent standards of Fed.R.Civ.P. 60(b)(6), defendant's motion for relief on this ground is accordingly **DENIED**.

Because defendant has failed the demonstrate the applicability of the one of the specific requirements of Rule 60(b), the Court need not consider the equitable factors of Rule 55(c).

## IV. Conclusion

For the foregoing reasons, defendant's motion for relief from default judgment is **DENIED**.