**Martha J. SIMMONS, Plaintiff,**

v.

**OHIO CIVIL SERVICE EMP. ASSOC., AFSCME Local 11 AFL—CIO, Defendant.**

No. C2–00–1208.

United States District Court, S.D. Ohio, Eastern Division.

Sept. 10, 2002.

**208**

Martha J. Simmons, Dublin, OH, pro se.

Linda Kathryn Fiely, Carrie Marie Cassady, Westerville, OH, for defendant.

### ORDER AND OPINION

SARGUS, District Judge.

This matter comes before the Court for consideration Defendant's Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. # 18). For the reasons set forth below, Defendant's Motion is **GRANTED.**

### I.

On September 14, 2001, an Entry of Default was entered in this case. (Doc. # 13). The Entry stated:

> It appearing that the defendant, AFCME Local 11 AFL—CIO is in default, having failed to plead or otherwise defend in this cause as required by law;
>
> Now, therefore, in accordance with Rule 55(a) of the Federal Rules of Civil Procedure; Default is hereby entered as against the defendant this 14th day of September, 2001.

Subsequent to the entry of default the Court set a hearing on damages. (Doc. # 16). Defendant claims that the hearing notice was a surprise, it having thought this case was long since dismissed. *Defendant's Motion for Relief from Judgment,* at 3. Defendant claims that the last document it received from Plaintiff or from this Court was this Court's Order dated October 26, 2000, which stated that Plaintiff's Complaint had not met the requirements of Rule 8(a) and that the case would be dismissed if an amended complaint was not filed. *Id.* at 4.

### II.

Although Plaintiff moves under Rule 60(b), the Court will address the motion pursuant to Federal Rule 55(c) because Plaintiff petitions to set aside an entry of default as opposed to a default judgment. The Sixth Circuit has elaborated on the interplay of these two federal rules stating:

> The same considerations exist when deciding whether to set aside either an entry of default or a default judgment, but they are to be applied more liberally when reviewing an entry of default. While a default judgment may be vacated only by satisfying the stricter standards applied to final, appealable orders under Fed.R.Civ.P. 60(b), an entry of default may be set aside for "good cause shown." Fed.R.Civ.P. 55(c).

*Berthelsen v. Kane,* 907 F.2d 617, 620 (6th Cir.1990) (citing *Shepard Claims Serv., Inc. v. William Darrah & Assoc.,* 796 F.2d 190, 194 (6th Cir.1986)).

Rule 55(c) establishes that "for good cause shown, the court may set aside an entry of default...." Fed.Civ.P. 55(c). "[J]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co. v. Seaboard Coastline Railroad,* 705 F.2d 839, 845 (6th Cir.1983). "[M]ere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion" to set aside an entry of default judgment. *Id.* (citation omitted). In addition "any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Id.* at 846 (quoting *Rooks v. American Brass Co.,* 263 F.2d 166, 169 (6th Cir.1959) *(per curiam)).*

### III.

Defendant claims that it reasonably assumed that this case had been dismissed based upon this Court's Order dated October 26, 2000, which stated that the pleading had not met the requirements of Rule 8(a) and that the case would be dismissed if an amended complaint was not filed. *Defendant's Motion for Relief From Judgment,* at 4. Consequently, Defendant asserts that it

did not respond when warned, by Order of this Court, that an entry of default would lie against it. The Court must decide whether this explanation constitutes "good cause" under Rule 55(c).

■ The Sixth Circuit enunciated the test to be applied in determining "good cause" in *United Coin Meter Co. v. Seaboard Coastline Railroad,* 705 F.2d 839 (6th Cir.1983), holding:

■ The criteria to be considered in applying the Rule 55(c) standard of good cause ... [are]:

1. Whether the plaintiff will be prejudiced;
2. Whether the defendant has a meritorious defense; and
3. Whether culpable conduct of the defendant led to the default.

*Id.* at 844–45 (citations omitted). These factors must be balanced. *Id.* at 846; *Waifersong v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir.1992). Where a plaintiff would not be prejudiced by reopening the case and the defendant has a meritorious defense, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead. *Shepard Claims Serv., Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 194 (6th Cir.1986).

■ First, there is no claim that Plaintiff will be prejudiced from reopening the judgment. Mere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment. *United Coin,* 705 F.2d at 845 (citing *Keegel v. Key West & Caribbean Trading Co.,* 627 F.2d 372, 374 (D.C.Cir.1980) and *Feliciano v. Reliant Tooling Co., Ltd.,* 691 F.2d 653, 656–57 (3rd Cir.1982)).

Second, Defendant has a meritorious defense. In determining whether a defendant has a meritorious defense, "likelihood of success is not the measure." *United Coin,* 705 F.2d at 845 (quoting *Keegel,* 627 F.2d at 374). Rather, if any defense relied upon "states a good defense at law," then a meritorious defense has been advanced. *Id.* Thus, "the

test is not whether the defendant will win at trial, but rather whether the facts alleged by the defendant would constitute a meritorious defense if true." *In re Park Nursing Ctr., Inc.,* 766 F.2d 261, 264 (6th Cir.1985). Such a defense is sufficient if it contains " 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." *Victoria's Secret Stores v. Artco Equip. Co.,* 194 F.Supp.2d 704, 719 (S.D.Ohio 2002) (citing *Keegel,* 627 F.2d at 374). Defendant claims that this Court lacks jurisdiction to hear this case. *Defendant's Motion for Relief from Judgment,* at 4. Lack of jurisdiction, if proven, would constitute a complete defense to Plaintiff's claim.

Third, the Court finds that although it appears that Defendant may have been negligent in the handling of its mail, it could also be that Defendant, as it claims, did not receive the numerous documents allegedly sent from Plaintiff or this Court. Plaintiff claims that it is "*highly* questionable whether Defendant—as it claims—has received almost *nothing* either from Plaintiff or from this Court." *Plaintiff's Memorandum in Opposition,* at 1. The Court, however, must resolve any doubt in favor of the petition to set aside the judgment. *United Coin,* 705 F.2d at 846. Thus, the Court determines that it was not the culpable conduct of the defendant led to the entry of default.

The Court concludes that defendant has satisfied Rule 55(c)'s requirement of "good cause" to set aside an entry of default. Accordingly, the Court declines to take the drastic step of judgment by default, and instead will hear this case on the merits.

### IV.

Based on the foregoing, Defendant's Motion for Relief From Judgment is **GRANTED.** The Clerk is **DIRECTED** to **VACATE** this Court's Entry of Default. (Doc. # 13). Defendant is hereby **ORDERED** to respond to Plaintiff's Amended Complaint within **ten (10) days** of the date of this Order.

**IT IS SO ORDERED.**