**Phillip HERNDON, Plaintiff–Appellant,**

v.

**Michael J. CROWLEY, et al.,
Defendants–Appellees.**

No. 03–1403.

United States Court of Appeals,
Sixth Circuit.

Dec. 9, 2003.

Phillip Herndon, pro se, Baraga Maximum Men's Facility, Baraga, MI, for Plaintiff–Appellant.

Linda M. Olivieri, Office of the Attorney General, Corrections Division, Lansing, MI, for Defendants–Appellees.

Before MERRITT, DAUGHTREY, and GIBBONS, Circuit Judges.

### ORDER

Philip Herndon appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Herndon alleged that the defendants had violated his rights while he was incarcerated in a state prison and had retaliated against him because of his participation in another case. He primarily alleged: 1) that a prison guard named Violetta issued a false misconduct charge against him; 2) that another guard refused to give him a copy of the charge and placed him in segregation; 3) that his rights were violated during the proceedings on his misconduct charge; 4) that a false arson charge was filed against him in state court; and 5) that defendants LeClaire, Arredia and Joki denied him access to a state court in which he sought judicial review of his misconduct conviction.

A magistrate judge recommended that the case be dismissed because Herndon's claims were conclusory, because he had not exhausted his administrative remedies, and because he had not shown that his misconduct conviction was reversed or set aside by an appropriate tribunal. The district court adopted this recommendation in part, on November 9, 2001, and dismissed all of Herndon's claims other than his retaliation claim against defendant Violetta and his First Amendment claims against

defendants LeClaire, Arredia and Joki. On February 27, 2003, the court adopted a magistrate judge's recommendation and granted the defendants summary judgement on all of Herndon's remaining claims. It is from this judgment that he now appeals, moving for the appointment of counsel on appeal.

Herndon now argues that he was entitled to a default judgment. We review the refusal to grant a default judgment for an abuse of discretion. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845–46 (6th Cir.1983). The district court did not abuse its discretion here because Herndon did not show that he had been prejudiced by the alleged default and because the defendants ultimately presented a meritorious defense to his claims. *See id.*

Herndon also argues that the district court should have allowed him to amend his complaint to show that he had exhausted his administrative remedies. However, he had not exhausted these remedies when his complaint was filed, as required by *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999). Thus, the court acted within its discretion when it denied Herndon's motion to amend. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir.1997).

Summary judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A *de novo* review of the record shows that the defendants were entitled to summary judgment on Herndon's remaining claims.

Herndon alleged that defendant Violetta had retaliated against him by throwing a burning grievance form into his cell and then issuing him a false misconduct charge for arson. The district court properly found that Herndon could not litigate this claim in his civil rights case, as he was convicted of a major misconduct violation regarding the alleged incident and had not shown that this conviction was reversed or overturned by an appropriate tribunal. *See Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). Herndon now argues that his claim is not based solely on an allegation that Violetta falsified his misconduct charge. However, the validity of his misconduct conviction is inextricably intertwined with all of his claims against Violetta. Thus, the court properly dismissed those claims because a favorable ruling on them would necessarily imply that Herndon's misconduct conviction was invalid. *See id; Huey v. Stine*, 230 F.3d 226, 230–31 (6th Cir.2000).

Herndon alleged that defendants LeClaire, Arredia and Joki denied him access to the courts by failing to mail his check for a partial filing fee to the state court in which he sought judicial review of the misconduct charge. He argues that his right to have access to the courts extended to that type of judicial review. This argument is unavailing because the record shows that the defendants had mailed a check for Herndon's filing fee to the state court, even though it was not cashed. Hence, the defendants' alleged actions amount to no more than mere negligence which is not actionable under § 1983. *See Davidson v. Cannon*, 474 U.S. 344, 347–48, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.