NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0710n.06
Filed: August 16, 2005

Nos. 03-6150, 04-5147

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| SOUTHERN ELECTRICAL HEALTH FUND; CAROLINAS ELECTRICAL WORKERS RETIREMENT FUND; NATIONAL ELECTRICAL BENEFIT FUND; CAROLINAS ELECTRICAL WORKERS JOINT APPRENTICESHIP & TRAINING FUND; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL NO. 238; NATIONAL LABOR MANAGEMENT COOPERATION COMMITTEE; BOARD 63 COLLECTION ACCOUNT TRUST, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| Plaintiffs-Appellees; | ) ) | |
| v. | ) ) | |
| BEDROCK SERVICES, | ) ) | |
| Defendant-Appellant. | ) | |

Before: MOORE and GIBBONS, Circuit Judges; MILLS, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge.** Plaintiffs-appellees, several benefit funds that are subject to the Employee Retirement Income Security Act (ERISA) joined by other organizations – a local union, a labor-management committee, and a collection account trust – filed their complaint

_____

[*]The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

in the Middle District of Tennessee on March 27, 2002, under ERISA, 29 U.S.C. § 1145. The appellees alleged that defendant-appellant, Bedrock Services, a relatively small company that provides electrical services in North Carolina, was a party to a pre-hire collective bargaining agreement which imposed an obligation to pay contributions to the appellee funds on behalf of covered employees, as well as to deduct union dues and assessments from those employees' paychecks. The suit alleged that appellant was delinquent in its contributions to appellees and sought an injunction against appellant, requiring Bedrock Services and its owner, Steve Wood, to submit payroll records and payments as required by the collective bargaining agreement. Appellant did not respond to the complaint and appellees moved for and were granted an entry of default as well as a temporary injunction. Appellant thereafter attempted to end its association with the union but was informed that its effort was an improper contract termination and that Bedrock Services was still bound to the collective bargaining agreement. A show cause hearing was scheduled and postponed until December 20, 2002.

On December 13, 2002, appellant filed a motion to set aside the entry of default and to transfer venue. Appellant also filed a separate action in the Western District of North Carolina against the union to have the collective bargaining agreement declared null and void. Appellees opposed appellant's motions and filed a motion for a permanent injunction. The district court denied appellant's motions to set aside the entry of default and transfer venue and granted appellees' motion for a permanent injunction. For the reasons set forth below, we affirm the district court.

**I.**

Plaintiff-appellees, multi-employer trust funds, a labor union, a labor-management committee, and a collection account trust, filed this suit on March 27, 2002, seeking equitable and

-2-

legal relief under ERISA, 29 U.S.C. § 1145, against defendant-appellant, Bedrock Services. Appellees sought unpaid trust fund contributions and other dues and assessments required under a pre-hire collective bargaining agreement. Appellees requested a permanent injunction to prevent appellant from violating ERISA, the pre-hire collective bargaining agreement, and the agreements requiring fund contributions, as well as a judgment against appellant for all delinquent contributions, the greater of twenty percent or double interest, liquidated damages, fees, costs, and any other relief deemed appropriate by the court. Wood admits that on June 15, 2001, he "became a signatory to a multi-employer collective bargaining agreement, which required him to make trust fund contributions and other dues and assessments on behalf of his firm's bargaining unit employees." He further admits that he became delinquent in making those payments in early 2002, which led the appellees to file suit. Thereafter, Wood allegedly notified appellees that Bedrock Services was repudiating the collective bargaining agreement.

Bedrock was served on April 1, 2002. In lieu of responding to the complaint, Wood spoke with a local union representative in North Carolina who told Wood that the law suit would "go away" if the delinquent reports and contributions were submitted. There is a dispute about whether or not the payments were submitted. In any event, appellees requested an entry of default pursuant to Fed. R. Civ. P. 55(a), which the clerk entered on May 30, 2002. Appellees also moved for a temporary injunction against appellant requiring the submission of contribution reports in order to calculate the amount of money owed to appellees. The temporary injunction was granted on June 5, 2002. The magistrate judge also entered an order stating that "[i]t is clear that the defendant does not intend to enter an appearance in this case or defend this action . . . the defendant has not otherwise filed anything in this case or otherwise communicated with the [c]ourt."

Appellees subsequently moved for an order to show cause why appellant should not be held in contempt for not complying with the temporary injunction. The motion was granted and appellant was ordered to appear before the court on November 18, 2002, through Wood, to show cause why appellant should not be held in contempt. The hearing was rescheduled for December 20, 2002, at the request of the appellees. On December 13, 2002, appellant moved to postpone the show cause hearing to a later date, which the court granted. Appellant then filed a motion to set aside the prior entry of default and to transfer venue to the Western District of North Carolina. Appellant simultaneously filed a complaint against Local 238 in the United States District Court for the Western District of North Carolina. Appellees opposed appellant's motion to set aside default and transfer venue and filed a motion for a permanent injunction on January 23, 2003.

After analyzing the three factors used to determine whether to set aside an entry of default, the district court denied appellant's motion to set aside the entry of default. Likewise, the district court denied appellant's motion to transfer. The district court then granted appellees' motion for a permanent injunction. Appellant now appeals the district court's denial of the motion to set aside entry of default, the motion to transfer the case, and the grant of the permanent injunction. Additionally, the district court awarded attorney fees to the appellees in the amount of $3,930.00. Appellant also appeals that decision, and the two appeals have been consolidated. On October 1, 2004, the district court entered an order requesting remand of the attorney fees decision without further proceedings in this court so that the award of attorney fees could be vacated and the issue held in abeyance until final judgment is entered.

Wood filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of North Carolina on January 24, 2005. As a result of the bankruptcy petition, this

court entered an order dismissing the appeal on March 2, 2005, subject to a motion to reopen the case at a later time, if appropriate. On June 30, 2005, the bankruptcy court entered an order granting appellees' motion for relief from the automatic stay "to the extent that the action pending before the United States Court of Appeals for the Sixth Circuit . . . may proceed to conclusion." Appellees filed a motion to reopen the case on July 12, 2005. This court granted that motion on July 27, 2005.[1]

**II.**

**A.**

A district court's decision to deny a motion to set aside a default judgment is reviewed for an abuse of discretion. *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 352 (6th Cir. 2003); *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002). A default may be set aside "[f]or good cause shown." Fed. R. Civ. P. 55(c); *O.J. Distr., Inc.,* 340 F.3d at 352-53; *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 843-44 (6th Cir. 1983). Appellant argues that district court did not properly apply the factors for setting aside an entry of default. Those criteria are: (i) whether the plaintiff will be prejudiced from reopening the case; (ii) whether the defendant has a meritorious defense; and (iii) whether the defendant's culpable conduct led to the default. *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990)*; United Coin Meter Co.,* 705 F.2d at 845. The district court considered each of the factors in detail and concluded that "[appellant's] culpable conduct did lead to the default, [appellant] has not asserted a meritorious defense, and that

---

[1]In its response to appellees' motion to reopen, appellant argues that the debts at issue in this case are dischargeable under the Bankruptcy Code and that contempt proceedings in the district court are implicated in this appeal. Appellant's arguments are unpersuasive; this case is not moot simply because the debt may be discharged, nor does the district court case affect this appeal.

-5-

[appellees] have shown prejudice if the default is set aside." Consequently, the district court denied appellant's motion to set aside entry of default.

The court first addressed whether appellant's culpable conduct led to the default, noting that mere carelessness is not enough; rather, there must be "either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 194 (6th Cir. 1986). The district court concluded that appellant's "actions clearly constituted reckless disregard for the effect of its conduct on these proceedings." Appellant argues that his conduct cannot be labeled culpable because the business manager for the labor union involved told him not to worry about the lawsuit. However, appellant was served with a complaint, a motion for entry of default, the entry of default, the motion for temporary injunction, the grant of the temporary injunction, and the motion for a show cause hearing. Defendant ignored documents from the court for over eight months, and the district court correctly concluded that appellant's "own arrogance and culpable conduct led to the entry of default."

Second, the court determined whether appellant had a meritorious defense. The court noted that in order to establish a meritorious defense the appellant must simply advance a defense "good at law," not necessarily one that will likely succeed. *United Coin Meter Co.*, 705 F.2d at 845. The court recognized that the key to the meritorious defense inquiry is the determination of "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 399 (6th Cir. 1987) (internal quotation marks and citation omitted).

-6-

Appellant contends that the case would have been treated differently under Fourth Circuit precedent and that appellees engaged in forum shopping by filing their complaint in the Middle District of Tennessee. Appellant appears to be correct in the assertion that a construction industry employer may unilaterally repudiate a pre-hire collective bargaining agreement under Fourth Circuit law but cannot do so under Sixth Circuit law. *See John Deklewa & Sons, Inc.*, 282 NLRB 1375 (1987) (holding that pre-hire agreements may not be repudiated by an employer without violating section 8(a)(5) of the National Labor Relations Act); *Ky. State Dist. Council of Carpenters, AFL-CIO v. Wehr Constructors, Inc.*, No. 92-5931, 1993 WL 288277, at *9 (6th Cir. July 28, 1993) (positively citing *Deklewa*); *Indus. TurnAround Corp. v. NLRB*, 115 F.3d 248, 254 (4th Cir. 1997) (holding that the Fourth Circuit is "precluded from adopting *Deklewa* as the law of the Circuit because it stands in conflict with *Clark v. Ryan*, 818 F.2d 1102 (4th Cir. 1987), a prior panel opinion of this court"). Appellant argues that he should be able to assert this defense in a Fourth Circuit court. In other words, appellant argues that his meritorious defense is incorrect venue. Appellees contend that by his very argument, appellant concedes that he has no meritorious defense in the Sixth Circuit and, furthermore, if appellant made the claim in the Sixth Circuit, it would be dismissed for failure to exhaust the contractual procedure for dispute resolution. *See United Ass'n, Local No. 577 v. Ross Bros. Constr. Co.*, 191 F.3d 714, 717 (6th Cir. 1999) (holding that "if a party fails to pursue contractual grievance remedies, the party waives the right to have its grievance settled in federal court").

Appellant also asserts that appellees engaged in forum shopping by filing the complaint in the Middle District of Tennessee. As the district court notes, "using [appellant's] own reasoning, it would also appear that by filing a complaint after the fact in the Western District of North Carolina

in order to assert its defense, [appellant] is 'forum shopping' itself." Appellees were entitled to bring suit in the Middle District of Tennessee because the plan is partially administered there. *See* 29 U.S.C. § 1132(e)(2) (stating that an ERISA action "may be brought in the district where the plan is administered"). The district court correctly concluded that "[t]he fact that the Western District of North Carolina might be more favorable to [appellant] does not mean that [appellant] has a meritorious defense in this [c]ourt, nor does forum shopping for a defense constitute the 'good cause' required to set aside entry of default."

Third, the district court addressed prejudice to the appellees in setting aside the entry of default. The setting aside of a default must "result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion" in order to be deemed prejudicial. *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996). In the order granting the temporary injunction, the court stated, "[i]ssuance of the injunction will likely save the [appellees] from irreparable injury . . . [because] absent the payment of contributions, employees of the [appellant] may lose health, pension and other benefits." Appellant argues that its failure to answer, appear before the court, or comply with the court's order granting the temporary injunction did not result in any tangible harm. This assertion is false. As the district court stated, "[appellant's] course of action in this case has been to obfuscate, delay, and frustrate [appellees'] attempts at discovery." Whether intentional or not, appellant's eight month delay in responding to the allegations in the suit undoubtedly resulted in tangible harm to the appellees.

The district court considered each of the factors articulated in *United Coin* at length and there was no abuse of discretion in its conclusion that the entry of default should not be set aside. Appellant's culpable conduct led to the default entry, appellant does not have a meritorious defense,

and appellees would be prejudiced if the entry of default was set aside. Therefore the district court did not abuse its discretion in finding that Bedrock Services failed to satisfy the criteria for setting aside a default. Because we affirm the district court's decision declining to set aside the entry of default, we do not address appellant's improper venue argument.

**B.**

In reviewing a district court's decision to grant or deny a motion for a permanent injunction, several different standards of review are used; factual findings are reviewed for clear error, legal conclusions are reviewed *de novo*, and the scope of injunctive relief is reviewed for an abuse of discretion. *Sec'y of Labor v. 3Re.com, Inc.*, 317 F.3d 534, 537 (6th Cir. 2003) (quoting *S. Cent. Power Co. v. Int'l Bhd. of Elec. Workers, Local 2359*, 186 F.3d 733, 737 (6th Cir. 1999)). Appellant's brief devotes three sentences to its argument that the district court erred in entering a permanent injunction in this case and does not cite any law to support its argument. Appellant did not assert that the district court applied the wrong legal standard or relied on clearly erroneous factual findings. *See Waste Mgmt., Inc. v. Nashville & Davidson County*, 130 F.3d 731, 735 (6th Cir. 1997) (stating that "[a]n abuse of discretion exists when the district court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact" (quoting *First Tech. Safety Sys., Inc., v. Depinet*, 11 F.3d 641, 647 (6th Cir. 1993))). Because appellant does not present an issue regarding the merits of the decision by the district court to convert the temporary injunction into a permanent injunction, we do not address this issue.

We note, however, that the district court mistakenly cited the four-prong test for a temporary injunction in granting the permanent injunction. As appellant's counsel conceded at oral argument, the error was harmless and the permanent injunction was properly granted if the refusal to set aside

the entry of default was correct and venue was found to be proper in the Middle District of Tennessee. Based on the foregoing, we hold that the permanent injunction was proper despite the district court's reference to an incorrect test.

## C.

The standard of review on appeal in an attorney fees case is abuse of discretion. *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001). ERISA is clear that attorney fees are mandatory where there is a decision enforcing contribution obligations. 29 U.S.C. § 1132(g)(2)(D).[2] Appellant does not challenge the amount of the fee award, but rather whether attorney fees should have been awarded at all. We do not address this issue in light of the district court's request to remand the attorney fees decision.

## III.

For the foregoing reasons, the attorney fees issue is remanded and the district court's denial of the motion to set aside the entry of default and the grant of the permanent injunction are affirmed.

---

[2]The relevant statutory language provides that "[i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan . . . (D) reasonable attorney's fees and costs of the action, to be paid by the defendant." 29 U.S.C. § 1132(g)(2). Section 1145 mandates that employers party to multiemployer plans make contributions "in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.